# CHARLESTON

THE WM. JAMES SONS CO. *et als.* v. CHARLES FARLEY *et als.*

And

THE LILLY LUMBER COMPANY v. CHARLES FARLEY *et als.*

And

THE HINTON FOUNDRY, MACHINE & PLUMBING CO. v. CHARLES FARLEY *et als.*

Submitted February 6, 1912. Decided October 22, 1912.

1. MECHANICS' LIENS—*Enforcement—Material Man—Sub-contractor—Necessary Parties—Principal Contractor.*

   In a suit by a material man or sub-contractor to enforce a mechanics lien against the owner of the property in which the materials were used or upon which the labor was performed, the principal contractor, if there was one, is a proper and necessary party. (p. 174).

2. SAME—*Enforcement—Bill—Demurrer—Grounds—Parties.*

   Failure to make such principal contractor a party, disclosed by the bill, is available as a ground of demurrer. (p. 174).

3. APPEAL AND ERROR—*Defects—Statutes Against—Reversal—Application.*

   The clause of section 29 of chapter 125 of the Code, denying

right of reversal in the appellate court for insufficiency of a pleading, when the order, overruling the demurrer, recites failure to allege anything in support thereof, applies to pleadings in actions at law only, and not to equity pleadings. (p. 174).

Appeal from Circuit Court, Summers County.

Consolidated actions by the William James Sons Company, by the Lilly Lumber Company, and by the Hinton Foundry, Machine & Plumbing Company against Charles Farley and others to enforce a mechanic's lien. Judgment for plaintiffs, and defendant Farley appeals.

*Reversed and Remanded.*

R. F. *Dunlap,* for appellant.

T. N. *Read,* T. G. *Mann,* and *Wm.* H. *Sawyers,* for appellees.

POFFENBARGER, JUDGE:

In these three consolidated causes, having for their purpose the enforcement of mechanics liens for materials furnished and labor performed at the instances of a principal contractor, the decree must be reversed for failure to make the principal contractor a party. *Augir* v. *Warder,* 68 W. Va. 752.

Each of the three bills discloses on its face the relation of the parties and the omission stated. Farley was the owner of the property on which the house in which the materials were used and upon which labor was bestowed was built, and Caldwell had the contract for building it. General demurrers to the bills, assigning no grounds other than insufficiency thereof in law or equity, were overruled, as shown by the decree, referring to the answers, containing the demurrers, and reciting failure to assign any ground or cause beyond that stated in them. Section 29 of chapter 125 of the Code does not bar reversal of a decree founded upon an insufficient bill, for failure to allege anything in support of the demurrer. The clause thereof relied upon here does not apply to equity pleadings at all. *Hays* v. *Heatherly,* 36 W. Va. 613. Anything in *Cook* v. *Dorsey,* 38 W. Va. 196, seemingly in conflict with this view is an *obiter dictum* and not matter of actual decision. If that clause were applicable, however, it would not preclude reversal, for the order fails to say no ground of demurrer was assigned.

As, in the absence of necessary parties, nothing can be de-

cided, the decree will be reversed and the causes remanded, with leave to amend.

*Reversed and Remanded.*