SIMPSON *et al. v.* J. W. BLACK LUMBER COMPANY.

Opinion delivered July 13, 1914.

1. MECHANIC'S LIEN—NOTICE TO OWNER.—A material man, other than the contractor, can not claim a lien against property, unless he first gives notice to the owner as required by the statute.

2. MECHANIC'S LIENS—NOTICE—SUIT.—The commencement of a suit by a material man within ninety days after the last materials are furnished, fixes a lien against the owner's property and dispenses with the necessity of ten days notice to the owner of an intention to claim a lien, and of the filing of the account upon which it is claimed, with the circuit clerk.

3. MECHANIC'S LIENS—CLAIM OF MATERIAL MAN—PARTIES.—In an action by a material man to collect from the owner of the improvement, the amount due him, the contractor is a necessary party defendant, the law requires the contractor to defend all such actions, and to be bound by the judgment rendered.

4. MECHANIC'S LIENS—ACTIONS—PARTIES—LIMITATIONS.—A material man brought an action against the owner to recover the value of materials used in the improvement. He failed to make the contractor a party. *Held,* the cause will be reversed, but not remanded for further proceedings, because under the facts more than fifteen months have elapsed between the filing of the lien and the time of the judgment, and, under the statute, no judgment could be rendered against the contractor.

Appeal from Clay Chancery Court, Western District; *Chas. D. Frierson,* Chancellor; reversed.

STATEMENT BY THE COURT.

This suit was brought to enforce a lien for materials furnished the contractor for remodeling appellants' home in the town of Corning, Arkansas. The lots belong to

the wife, and the contract was made with one T. J. Evans, who was to furnish the materials and complete the work for a certain fixed price. He purchased the lumber from appellee company to be used in the building. His health was poor, and on the 26th of August, 1912, he abandoned the work and went away to Hot Springs, telling Doctor Simpson that he still owed a little balance to the lumber company, and if anything else was due him under the contract, to pay it to the lumber company.

The testimony is in dispute as to whether Doctor Simpson took charge of the building on the 26th of August to complete it, or whether Perrien, who was the contractor's foreman, continued in the work of the construction under the contract for another week, or until September 2. It is undisputed, however, that there is a balance of $29.36 due for materials furnished after Doctor Simpson took charge.

The suit was commenced against the appellants to enforce a lien on November 26, 1912. They demurred to the complaint, for a defect of parties defendant, and the demurrer being overruled, answered, admitting the contract made with Evans to remodel the building and to furnish the material. Alleged that on August 26, by mutual consent, Evans abandoned the work to Doctor Simpson to be finished by him, and that all materials furnished to Evans were furnished prior to the 26th day of August, and that no notice of intention to claim a lien was given to appellants, and that suit was not begun in time to fix one against the property.

The court found in favor of the lumber company for its claim with interest, amounting to $715.96, and that it was entitled to a lien against the land upon which the improvement was constructed to secure the payment thereof. The appellants then again insisted that Evans, the contractor, should be made a party defendant before judgment could be rendered against them. The court then offered to permit the appellants to plead against Evans and continue the case for their remedy against him, and they stated they would agree to this only if the entire

case was continued until they could get service upon Evans, and the court refused to grant the continuance and rendered judgment for the recovery of said sum and declared it a lien against the improvement and ordered it sold to satisfy same. From its decree appellants bring this appeal.

*W. E. Beloate,* for appellant.

1. The complaint is defective in not setting out the contract. 58 Ark. 14; 2 Jones on Liens, 1589; 27 Cyc. 277-279.

2. This action is for material furnished a contractor, and not the owner. It is statutory and the claimant must bring himself within the statute. Kirby's Dig., § 4976; 87 N. E. 905; 102 Ark. 539. Ten days' notice is mandatory. 93 Ark. 280; 87 N. E. 905; 2 Jones on Liens, 1591-3; 30 Ark. 682. A notice to the husband is not sufficient to bind the wife. 87 N. E. 905; 67 Ark. 571; 7 *Id.* 402. Personal knowledge is not enough. 25 N. E. 217.

3. Kirby's Dig., § 4983, vests jurisdiction in the circuit court. Chancery had no original jurisdiction of mechanics' liens and the Legislature can not confer it. 80 Ark. 150; -95 *Id.* 621; 56 *Id.* 546.

4. The contractor was a necessary party. 74 Ark. 528; 51 *Id.* 302; 17 N. W. 62; 2 Jones on Liens, 1574; Kirby's Dig., § 4978; 62 N. E. 898; 27 Cyc. 357.

5. The suit was brought too late. 31 Ark. 316.

*G. B. Oliver,* for appellee.

1. The evidence cured any defect in the complaint.

2. The notice was sufficient. Kirby's Dig., § 4976. Doctor Simpson was the "agent" of his wife and waived objections to the form of notice. 51 Ark. 302-308. The notice required is to be given *"before the filing of the lien,"* etc., in the clerk's office. Kirby's Dig., § § 4981-3. Where suit is begun within ninety days allowed, it is unnecessary to file any other account than the one attached to the complaint, or for the clerk to perform any act required by § 4982. 49 Ark. 475; 27 Cyc. 125-6.

3. Since section 4975, Kirby's Digest, was repealed by the act of 1911, neither the contractor nor other lien holders are necessary parties. 56 Ark. 544.

4. The chancery court had jurisdiction. 56 Ark. 544.

5. Liberal construction is given to mechanics' lien acts. 51 Ark. 307.

KIRBY, J., (after stating the facts). (1) The court erred in not sustaining the demurrer to the complaint because of the defect of parties. The suit was brought by the materialman, with whom the owners had made no contract and from whom they had purchased no materials, against them to fix a lien against their property for the amount claimed to be due for materials furnished the contractor, of which they knew nothing, that were alleged to have been used in the construction of the improvement. Section 4978, Kirby's Digest, provides that when a lien is filed under the provisions of the law by a person other than a contractor, "it shall be the duty of the contractor to defend any action brought thereupon, at his own expense; and during the pendency of such action, the owner may withhold from such contractor the amount of the money for which such lien shall be filed; and in case of judgment against the owner or his property upon the lien, he shall be entitled to deduct from any amount due by him to the contractor the amount of such judgment and costs, and, if he shall have settled with the contractor in full, shall be entitled to recover back from the contractor any amount so paid by the owner for which the contractor was originally liable."

(2) No notice was given by appellee of an intention to claim a lien for the materials furnished, and no statement of account and the amount claimed due was filed with the circuit clerk within ninety days after the last materials were furnished to the contractor, and it is questionable whether the suit was commenced in time, depending upon whether the improvement was in charge of the contractor's foreman for one week after he abandoned the job, during which materials were furnished, or Doctor

Simpson, the husband of the owner. The evidence is conflicting on this point, and we can not say that the chancellor's finding is clearly against the weight of it. This court has determined that the commencement of a suit by the material furnisher within ninety days after the last materials are furnished fixes a lien against the owner's property and dispenses with the necessity of ten days' notice to the owner of an intention to claim a lien and the filing of the account upon which it is claimed with the circuit clerk. *Anderson* v. *Seamans,* 49 Ark. 475; *McFadden* v. *Stark,* 58 Ark. 7.

(3) The contractor was a necessary party and should have been made codefendant with the owners, who knew nothing about what amount of materials had been furnished, nor how much of the materials furnished had gone into the construction of the improvement. He was a necessary party, both for his own and the owner's protection. The owners had the right to look to him for the payment of any judgment that might be recovered against their property for materials furnished, having contracted with him to supply such materials and paid him the contract price for the improvement, and can not be compelled to resort to another action against the contractor for the recovery of such sum of money in which the contractor would be at liberty to claim that he did not owe the materialman the amount for which the judgment was rendered and the lien enforced. It is the intention of the law to have the contractor to defend all such actions and be bound by the judgment rendered. Kirby's Digest, § 4978; *Horstkotte* v. *Menier,* 50 Mo. 159; *Janes Sons Co.* v. *Farley,* 76 S. E. 169; *Augir* v. *Warder,* 70 S. E. 719; *Clayton* v. *Farrar Lumber Co.,* 45 S. E. 723; *State Bank* v. *Plummer,* 129 Pac. 819; Boissot on Mechanics' Liens, § 537; Phillips on Mechanics' Liens, § 397.

(4) The undisputed testimony shows that Doctor Simpson made the contract with T. J. Evans to remodel the home situated on lots belonging to his wife, agreeing to pay him a certain amount for the completed improvement, all materials to be furnished by the contractor, and

that the lumber, for the price of which a lien is attempted to be enforced herein, was furnished to the contractor by appellee, and not to the owners. And although the bringing of this suit within ninety days of the date the last materials were furnished dispensed with the necessity for giving notice and filed the lien with the circuit clerk, so far as the owner was concerned, the law requires that an action to enforce such lien shall be commenced within fifteen months after it is filed, and the contractor is a necessary party to such suit as already stated. The decree will be reversed because of the failure to make the contractor a party, but will not be remanded for that purpose and further proceedings since the time for beginning suit to enforce the lien has already expired, and the fact that the suit was sooner brought against the owners can not relieve against the limitation, because the joining now of the necessary party, without which judgment should not be rendered, would but be in effect a new action begun after the expiration of the time. The decree is reversed and the cause remanded with directions to render judgment and enforce the lien for the amount only of $29.36, the balance remaining due upon the materials furnished and used by Doctor Simpson in the completion of the work.