CRUCE *v.* MITCHELL.

## Opinion delivered January 24, 1916.

1. MECHANICS' LIENS—ENFORCEMENT.—In an action by a material man against the owner of a building to have a lien declared and enforced on a building for the erection of which the material has been furnished, the original contractor is a necessary and indispensible party.

2. MECHANICS' LIENS—ENFORCEMENT—DEFECT OF PARTIES—WAIVER.—The defect of the failure of plaintiff material man, to join the contractor, in an action against the owner of a building, to have declared and enforced, a mechanics' lien upon the same, is not waived by the defendant's demurrer to the complaint, when he also filed an answer and cross-complaint, in which he asked that the contractor be made a party.

3. APPEAL AND ERROR—DEFECT OF PARTIES—JUDGMENT—PREJUDICE.—A defendant, in an action by a material man to have a lien declared and enforced on his land, is prejudiced by the error of the trial court, committed in refusing to have the original contractor made a party to the proceedings.

Appeal from Conway Circuit Court; *M. L. Davis,* Judge; reversed.

### STATEMENT BY THE COURT.

Appellee instituted this suit against appellant to recover judgment and to enforce a materialman's lien against certain buildings and the land upon which the same were situated in the town of Morrilton, Arkansas. The appellee alleged in his complaint that he was the owner of the firm of E. E. Mitchell & Co.; that the firm, on the dates and in the manner set out, in an itemized statement made a part of the complaint, sold to contractors John Patton, Jim Hanna and Jim Scanlan, who erected the C. E. Cruce building on lot 6 in block 8 of Fitzhenry property in the town of Morrilton, material for the purpose of erecting said building in the sum of $149.86; that all of the material was used in the erection of the building mentioned. The complaint alleged that the plaintiff had filed his lien as the statute required, after having given notice to C. E Cruce. The complaint makes a copy of the notice and the lien exhibits. The

appellee alleged that he had acquired a lien upon the building and ground and prayed that the same be declared and that the property be sold, etc.

To this complaint appellant interposed an answer and cross-complaint, in which was included a general demurrer. Among other things in the answer, appellant alleged that he had paid off and discharged to John Patton, Jim Hanna and Jim Scanlan all and fully the contract price agreed upon for the erection of said building; that John Patton, Jim Hanna and Jim Scanlan were to complete said building out of the material furnished them and according to the plans and specifications, and that in violation of their contract they refused so to do, to appellant's damage in the sum of $750. He further set up that the indebtedness sued on was "primarily the indebtedness of the said John Patton, Jim Hanna and Jim Scanlan, and if same is due and payable they are primarily liable therefor and are necessary and proper parties to this suit." He further set up that if the indebtedness constituted a lien against his property, that he was entitled to be subrogated to the rights of Mitchell & Co., and to have judgment against Patton, Hanna and Scanlan for any amount that he might be required to pay to discharge any lien that might be declared against his property in favor of Mitchell & Co. He also embodied in his answer a motion to transfer to equity, and prayed that Patton, Hanna and Scanlan be made parties; that appellee should recover nothing, and that the appellant (defendant) should have his title to the land quieted and confirmed, or, in the alternative, that if he was adjudged to pay the debt and same was declared a lien of his property, that he be subrogated to the rights of Mitchell and have judgment against Patton, Hanna and Scanlan for any amount that he might be required to pay in order to discharge any lien that might be declared against his property.

The motion to make the original contractors parties and to transfer to equity was overruled. The appellee thereupon entered a general demurrer to appellant's

answer and cross-complaint, which the court sustained. And the appellant electing to stand upon the pleadings as drawn, and refusing to plead further, the court entered an order dismissing appellant's answer and cross-complaint, motion to make the original contractors parties defendant, and to transfer to equity. The case was then heard by the court upon the original complaint, oral testimony and certain documentary evidence, and the court found in favor of the appellee against appellant in the sum of $149.86 and entered a judgment against appellant for that sum and declared the same a lien on the property, with orders for its sale, etc., in case the judgment was not paid. The appellant filed a motion for a new trial, setting up, among other things, that "the court erred in refusing defendant's motion to make John Patton, Jim Hanna and Jim Scanlan parties defendant herein;" that the court erred in sustaining plaintiff's demurrer to the answer, cross-complaint and motion to transfer to equity; and, that the judgment was contrary to the evidence. The motion was overruled and appellant duly prosecutes this appeal.

*W. P. Strait,* for appellant.

1. Appellee could not maintain a suit, or state a cause of action, entitling him to recover against the owner Cruce, without making the original contractors parties to the suit. Kirby's Digest, § § 4978, 4988; 51 L. R. A. (N. S.) 76; 4 Col. App. 165; 34 Pac. 1115; Phillips Mechanics Liens, § 397; 114 Ark. 464. A demurrer relates back to the complaint. 97 Ark. 508. If the complaint fails to state a cause of action a demurrer to the answer will not only be sustained, but will reach back to the complaint itself. 107 Ark. 289; 1 *Id.* 320; 5 *Id.* 492; 7 *Id.* 12; 18 *Id.* 269; 24 *Id.* 554; 74 *Id.* 572; 97 *Id.* 508. When an answer tenders an issue on any material fact, it is error to sustain a general demurrer. 77 Ark. 29; 27 *Id.* 34; 96 *Id.* 163.

If the answer was vague, indefinite or uncertain, the remedy is by motion to make more definite and certain,

and not by demurrer. 91 Ark. 400; 90 *Id.* 158; 89 *Id.* 136; 87 *Id.* 136.

The demurrer may be set out in or filed with the answer and all rights reserved under it. 29 Ark. 637; 30 *Id.* 547; Kirby's Digest, § 6117. See also, 44 Ark. 202; 67 *Id.* 148; 70 *Id.* 74.

2. The cause should have been transferred to equity and subrogation granted. 37 A. & E. Enc. Law, 203 and notes; 32 L. R. A. 127; 99 Am. St. 476-511.

3. It was error to render a personal judgment against appellant. 114 Ark. 464. The court also erred in condemning the lot to be sold by a commissioner. Kirby's Digest, § 4990.

*Edward Gordon,* for appellee.

1. There was no defect of parties. This defense must be specifically made a ground of demurrer or it is waived. Kirby's Digest, § § 6093-4, 6096; 33 Ark. 497; 34 *Id.* 73; 75 *Id.* 288; 93 *Id.* 351; 95 *Id.* 38.

2. The complaint stated a cause of action and as appellee only filed a general demurrer to the answer and cross-bill and motion to transfer to equity, it would not affect' the complaint as a defect of parties can only be reached by special demurrer, and this was waived. 27 Ark. 235; 89 *Id.* 127; 93 *Id.* 173; 95 *Id.* 408; 98 *Id.* 561.

3. Appellant was not prejudiced by the personal judgment, if it was error, as the contractors appeared and testified that appellant was indebted for material $149.86 and still owed them more than that amount on the building contract.

Wood, J., (after stating the facts). (1). The question presented by this appeal is whether or not the original contractors are necessary parties in a suit by a material man against the owner to have a lien declared and enforced on a building for the erection of which material has been furnished. The question is settled by the recent case of *Simpson* v. *J. W. Black Lumber Co.,* 114 Ark. 464, 172 S. W. 883. In that case after setting

out the statute (Kirby's Digest, § 4978) making it the duty of the contractor to defend at his own expense any action brought by any person other than the contractor to enforce a lien under the law providing for such liens, we said: "The contractor was a necessary party and should have been made co-defendant with the owners, who knew nothing about what amount of materials had been furnished, nor how much of the materials furnished had gone into the construction of the improvement. He was a necessary party both for his own and the owner's protection. The owners had the right to look to him for the payment of any judgment that might be recovered against their property for materials furnished, having contracted with him to supply such materials and paid him the contract price for the improvement, and can not be compelled to resort to another action against the contractor for the recovery of such sum of money in which the contractor would be at liberty to claim that he did not owe the materialman the amount for which the judgment was rendered and the lien enforced. It is the intention of the law to have the contractor to defend all such actions and be bound by the judgment rendered." Citing authorities. See also, in addition to the authorities there cited, *Eberle* v. *Drennan,* 51 L. R. A. (N. S.) 76.

As shown above, § 4978 of the Digest requires that in suits of this kind the original contractors shall defend the case at their own expense. Section 4986 provides that in such suits, to enforce liens created by the statute, "the parties to the contract and all other persons interested in the controversy and in the property charged with the lien" may be made parties. And § 4988 provides that the court shall make such orders in the case as will protect and enforce the rights of all interested therein.

(2) It appears from all these provisions that the lawmakers contemplated not only that the contractors in such suits are proper parties, but that they are necessary and indispensible parties for the determination of the amount of the debt as the foundation for which a judgment or decree may be rendered and declaring and

foreclosing a lien on the property for its payment. Counsel for appellee does not controvert this proposition of law, but insists that appellant, by filing a general demurrer to the complaint, waived the defect or non-joinder of parties. Appellee relies upon the provisions of sections 6093, 6094 and 6096 of Kirby's Digest, which, in effect, provide that when there is a defect of parties appearing upon the face of the complaint that objection shall be taken thereto by a specific demurrer, and that unless so taken, when the objection appears upon the face of the complaint, the defect is waived. Citing *Murphy* v. *Myar*, 95 Ark. 38, and other cases holding to that effect. Both these cases have no application here, for the reason that the trial court's attention was specifically directed in appellant's answer and cross-complaint, which also embodied a motion to have the contractors made parties and the cause transferred to equity, that the contractors were necessary parties to the maintenance of appellee's suit. The court should have treated the allegations of appellant's answer and cross-complaint, embodying the motion to make the contractors parties, as a specific demurrer, raising the objection that the plaintiff was not entitled to maintain his suit because of a defect or non-joinder of parties appearing upon the face of the complaint. Such was the legal effect of the whole pleadings by the appellant, and to hold otherwise would be putting form before substance. The complaint of the plaintiff was therefore fatally defective because it failed to make the original contractors parties to the suit, and the court erred in not so holding. But, if it be conceded that the complaint was not fatally defective on this ground, and that it alleged a cause of action, then the answer travers-ed the allegations of the complaint and raised an issue for determination before a jury. The appellant, in his answer, alleged as follows: ''That he does not know and has no sufficient information upon which to base a belief, and therefore cannot say whether or not said indebted-ness is past due and unpaid or in any way owing to said E. E. Mitchell; but, for further answer, denies that this

defendant owes said debt or that the plaintiff is entitled to recover therefor from him," that "he had paid off and discharged to John Patton, Jim Hanna and Jim Scanlan all and fully the contract price," etc.

These allegations were sufficient to raise the issue as to whether the indebtedness was past due and unpaid and as to whether or not there was such an indebtedness as would constitute the foundation for the creation and enforcement of a lien on appellant's property.

In *Dickerson* v. *Hamby*, 96 Ark. 163, we said: "In determining whether a pleading, complaint or answer makes sufficient allegations to constitute a cause of action or to state a defense, every fair and reasonable intendment must be indulged in to support such pleading. If the averments are incomplete, ambiguous or defective, the proper mode to obtain correction is by motion to make the allegations more definite and certain."

(3) Appellee contends that the appellant is not prejudiced by the ruling of the court in dismissing the answer and cross-complaint of the appellant and in proceeding to hear the cause on the complaint of the appellee, because, he says, the contractors appeared in court and testified that they bought the material sued for by appellee and that same was used in the erection of appellant's building and was correct, and also testified that appellant was still indebted to them for the erection of the aforesaid building in the sum of $575.00; all of which was denied by appellant. But, as we have seen, the complaint which the court treated as the basis for hearing this evidence was fatally defective, and the court erred in allowing the appellee to ground any right of action upon it.

Appellant was entitled to have the cause heard upon issues presented by a sufficient complaint. The cause could not progress to judgment without necessary parties, and appellant was necessarily prejudiced by a judgment based upon a complaint that did not state a cause of action.

For the error in not sustaining the demurrer to appellee's complaint the judgment is reversed and the cause remanded with directions to sustain the same.