ST. MATTHEWS CHURCH v. WHITE.

Opinion delivered February 28, 1927.

1. MECHANICS' LIENS—LIEN AGAINST CHURCH.—Under Crawford & Moses' Dig., §§ 6915-6917, giving a lien for laborers and materialmen for work done and materials furnished against churches and charitable institutions where no bond is furnished by the contractor, a mechanic desiring to file a lien against a church, after giving ten days' notice, must either bring suit within ninety days

after the work was done or must within the same period file his account with the circuit clerk.

2. MECHANICS' LIEN—PARTIES.—In a suit by a mechanic to enforce. his lien for labor, done on a building, the contractor for whom he worked is a necessary party.

3. MECHANICS' LIEN—ENFORCEMENT—LIMITATION.—A suit to enforce a mechanics'.lien which was filed with the circuit clerk must be brought within fifteen months after the work was done.

Appeal from Johnson Circuit Court; *J. T. Bullock,* Judge; reversed.

### STATEMENT OF FACTS.

Appellee brought suit against the appellant church and its trustees to fix and enforce a lien against the church building in Coal Hill for labor performed by him for Charles Ziegler, contractor, in reconditioning and repairing same. He filed an itemized verified account against the church only with the circuit clerk of Johnson County, on March 28, 1925, on which he stated, "that between the 27th day of November, 1924, and January, 1925, he was employed as a laborer and did labor between said dates on St. Mathews Church, at Coal Hill, Arkansas," describing the lot on which church was located, for which he claimed there was due him for labor $218.14, and for which he claimed a lien on the lot on which the church was ·situated. No notice was given to the trustees of the filing of this account, nor any statement contained in it showing for whom the work was done. He filed suit, on which summons was issued against appellants, the church and its trustees, on April 15, 1925.

Appellants filed a special demurrer on May 6, 1925, reserving the right to stand on their motion to quash the service of the summons without entering their appearance except for the purpose of the demurrer, alleging that plaintiff failed to show in his complaint that he had filed a proper account with the circuit clerk, claiming and fixing the lien upon the property, within ninety days from the date the labor was performed; also to show for whom the service was rendered and by whom he was employed, and that ten days' notice had been given before

the filing of the lien, or that he made a contract with either of the appellants.

The demurrer was overruled, but, on May 7, amendment to the complaint was filed, stating that appellee was employed by Charles Ziegler to do the work on the St. Mathews Church, as plasterer, but he had not sufficient information to state whether Ziegler was the original contractor or was acting as agent or superintendent for the trustees of said church; stated further that, if Ziegler was an original contractor, trustees had not required him to enter into bond, as required by law, conditioned to pay all indebtedness incurred for labor or material furnished in the construction of said church.

On May 7 defendants first filed a general demurrer to the amended complaint, alleging also that it had failed to make the contractor a party defendant, and, upon it being overruled, on the same day filed a motion asking the court to require the plaintiff to make the contractor a party defendant, and demurred to the complaint because he had not been made a party. All of which were overruled.

On December 3, 1925, the defendants filed a motion to dismiss the case, alleging that more than fifteen months had already elapsed since the work was done, and that the original contractor had never been made a party to the suit, as the law required. Upon the hearing the testimony showed that Charles Ziegler had been employed as a contractor to recondition and repair the church, furnishing all labor and material necessary therefor, at the price of $821, and that none of the trustees had employed the appellee to do any work upon the church or been notified, at the time he filed his account with the clerk of the circuit court, that he had done such work, for which he claimed a lien on the building. He testified as to the amount and value of the work done, admitted that he had at first claimed only $144.25, and the court instructed the jury to return a verdict for the plaintiff for $158.14, and rendered judgment therefor,

declaring it a lien against the church, from which judgment this appeal is prosecuted.

*White & White,* for appellant.

*Jesse Reynolds,* for appellee.

KIRBY, J., (after stating the facts). It is conceded that no notice was given of the filing of the account and claim for a lien, as required by § 6917, Crawford & Moses' Digest, and also that Charles Ziegler, the original contractor, was not made a party to the suit, but insisted that there was no necessity for complying with any of the provisions of the mechanics' and laborers' lien law, since the building against which the lien was sought to be enforced was a church, except §§ 6915 and 6916, giving a lien for laborers and materialmen against churches and charitable institutions when no bond is required filed by the contractor for payment of labor done and materials furnished.

This contention is without merit. The said sections of the statute (act of June 2, 1911) were evidently made to provide protection for laborers and materialmen for work done and materials furnished upon buildings and improvements of religious and charitable organizations and institutions, which the court had held were not subject to the provisions of said mechanics' and laborers' lien law.

In *Pfeiffer Stone Co.* v. *Brogdon,* 125 Ark. 426, 188 S. W. 1187, the case in which it was sought to enforce a lien against a church where no notice of the filing of the account with the circuit clerk had been given, the court held that the filing of the suit to enforce the lien within the ninety days' time given for fixing it dispensed with the giving of any such notice as had been held in the enforcement of such liens under the general law. This suit not having been commenced within ninety days after the work was done for which a lien is claimed, would not operate to relieve a lien claimant against the necessity for filing his account with the circuit clerk within the ninety days after the work was performed, and after giving the ten days' notice required by law.

It was not the intention of the statute to give a lien for work done for contractors on such buildings and improvements in case no bond was required filed for the payment of such claims that could be enforced at any time thereafter, but, obviously and necessarily, the new act was intended to become a part of such general law, and, certainly, to the extent of perfecting and enforcing the lien in accordance with the provisions thereof. The contractor was a necessary and indispensable party, as held in *Simpson* v. *J. W. Black Lumber Co.*, 114 Ark. 464, 172 S. W. 883.

Even if it could be considered that there was doubt about the bringing of the suit within ninety days of the date the last labor was performed, which dispensed with necessity for giving the notice and filing the account with the circuit clerk, the law requires that an action to enforce such lien shall be commenced within fifteen months, and the contractor is a necessary and indispensable party to such suit. His not having been made a party within said time, and the fact that the suit was sooner brought against the owner, could not relieve against the limitation.

The judgment is accordingly reversed, and the cause dismissed.