Opinion delivered March 4, 1940.

*W. E. Beloate* and *Sidney A. Kelley,* for appellant.

*E. H. Tharp,* for appellee.

HUMPHREYS, J. Appellee filed this suit against appellants in the chancery court of Lawrence county, eastern district, on August 31, 1937, to obtain judgment for a balance of $375.48 due for building materials it furnished to R. A. Robins & Sons, contractors, with which to construct a church building on lots 5, 6, 7 and 8, block 40, original town of Walnut Ridge, belonging to the Church of Christ.

It was alleged that it sold R. A. Robins building materials in the sum of $827.48 which were used in the construction of the church building and charged same

to him, the last item sold being on July 10, 1937, and that he made payments thereon from time to time leaving an unpaid balance of $375.48, for which it was entitled to a material man's lien on said property.

Summons directed to the sheriff of Lawrence county was issued against the trustees of the Church of Christ, H. B. Holder, J. H. Hathcoat and John L. Fry, on the day suit was filed and issued and directed to the sheriff of Sharp county for the contractors and served September 2, 1937. The summons which was directed to the sheriff of Lawrence county was delivered on August 31, 1937, to E. H. Tharp, attorney for the plaintiff, who retained same until October 26, 1937, when he delivered same to the sheriff. Summons was not served upon the trustees of the Church of Christ until October 27, 1937.

On September 21, 1938, the contractors moved to dismiss as to them because the service of summons was served upon then in Sharp county instead of in Lawrence county.

On November 17, 1937, the Church of Christ, through its trustees, filed a motion to dismiss the complaint against it for the reason that the summons which had been issued on the 31st day of August, 1937, against them and delivered to appellee's attorney, E. H. Tharp, had not been served upon them prior to the returnable date of same which was September 21, 1937, and that on account of the summons being out of date service thereof on them on the 27th day of October was not sufficient. The summons was quashed and an alias summons was issued and served on them on the first day of December, 1937.

The Church of Christ, through its trustees, filed an answer specifically pleading that appellee failed to give it notice within ten days that it held a claim against the building for materials furnished in accordance with § 8876 of Pope's Digest and that it failed to file its account within ninety days after the date of the last item with the clerk of the circuit court as required by § 8881 of Pope's digest.

Depositions were taken in the case and the cause was submitted to the court upon the pleadings and the evidence from which it found that all parties were properly before the court and that it had jurisdiction to try the cause resulting in a judgment in favor of appellee against the contractors, R. A. Robins, Cleo Robins and Noble Robins and the Church of Christ for $375.48 together with 6 per cent. interest thereon from August 31, 1937, per annum until paid and for a lien on said real estate for the amount so adjudged and an order of sale of said real estate to pay the same, from which is this appeal.

There is no dispute in the evidence as to the amount due for the materials furnished and that same were used in the construction of the building.

A preponderance of the evidence reflects that the reason the original summons was not served immediately upon the trustees of the Church of Christ was that the trustees made a request of the attorney, E. H. Tharp, not to serve same upon them and incur further costs as it was their intention to pay the judgment and take a judgment against the contractors for the amount and that they would waive the service of the summons and enter their appearance; that this agreement was entered into before the expiration of ninety days after the date of the last item appearing on the account. We think this agreement rendered it unnecessary to get further service upon them and they are estopped by virtue of said agreement to plead that the suit was not brought within ninety days after the date of the last item on said account. The law is well settled that it is unnecessary for a lien holder to give ten days notice of its lien to the landowner if suit to enforce same is brought within ninety days from the date of the last item furnished appearing on the account. *Simpson* v. *Black Lbr. Co.*, 114 Ark. 464, 172 S. W. 883. The last item appearing on the account was July 10, 1937, and the suit was brought on August 31, 1937, within the ninety-day period, and since the trustees entered their appearance to the suit the service upon the contractors in Sharp county was valid.

Appellants contend for a reversal of the judgment on the ground that the church was an unincorporated society and not subject to a personal judgment. They cite the case of *District 21, United Mine Workers of America* v. *Bourland,* 169 Ark. 796, 277 S. W. 546, in support of this contention, but they overlook the fact that §§ 8874 and 8875 of Pope's Digest specially provide for judgments against churches or charitable institutions whenever any trustees, deacons, elders, vestrymen or any committee of any religious organization, or charitable or benevolent institution fail to exact bond of the contractor where the contract exceeds $100 for construction, improvement or repairs on said building.

Under these sections the court correctly rendered a judgment against the contractors and against the church and in declaring a lien upon the property of the church for the payment of the balance due for the materials furnished to construct same.

No error appearing the judgment is affirmed.