Superior Iron Works & Supply Co. *v.* Saulsberry.

5-1073                                    295 S. W. 2d 626

Opinion delivered November 26, 1956.

*Keith, Clegg & Eckert,* for appellant.

*T. O. Abbott* and *Spencer & Spencer,* for appellee.

GEORGE ROSE SMITH, J. This suit was brought by the appellant to enforce a materialman's lien under what is sometimes called the Miners' Lien Law. Ark. Stats. 1947, §§ 51-701 to 51-710. By an amendment to the complaint the two appellees, Saulsberry and Beebe, were joined as defendants. Their demurrer to the amended complaint was sustained by the court below, upon the dual ground that no cause of action is stated and that in any event the claim against these appellees is barred by limitations. Since we have concluded that the chancellor's decision upon the question of limitations is correct it will not be necessary to pass upon the other issue.

Superior alleges that between November 21, 1951, and April 15, 1952, it furnished to Roberts Petroleum, Inc., some 31,000 feet of steel pipe, which we assume from the pleadings to have been intended for use in the drilling of an oil well. The purchase price for the pipe was not paid, and on May 6, 1952, Superior filed with the circuit clerk its verified claim for a lien upon the pipe. Ark. Stats., §§ 51-708 and 51-613. Ten days later the vendee filed a petition for an arrangement under the federal Bankruptcy Act; the debtor was adjudi-

cated a bankrupt on July 31, 1952. In the bankruptcy proceedings Superior attempted to assert a secured claim upon the basis of its materialman's lien; but it was ultimately decided, on January 26, 1954, that the bankruptcy court had no jurisdiction over the pipe. Superior was held to be an unsecured creditor, and such creditors received nothing in the bankruptcy proceedings.

In the meantime Superior had already filed, on April 3, 1953, the present suit in the chancery court of Union county. The original complaint named two corporate defendants, who were alleged to have removed part of the pipe from the premises on which it was to have been used. By an amendment filed on May 13, 1954, the appellees were made parties to the case. It was asserted that on February 7, 1952, Saulsberry had converted to his own use 3,312 feet of the pipe, without Superior's written consent, and that on April 30, 1952, Beebe had similarly converted 3,604.25 feet. The prayer was that the defendants be required to surrender possession of the pipe, together with the land or leasehold to which it might have been attached, and that the property so surrendered be sold for the payment of Superior's debt.

With respect to the period of limitations the Miners' Lien Law adopts the provisions of the mechanics' lien statute, which requires that suit be brought within fifteen months after the filing of the lien. Ark. Stats., §§ 51-708 and 51-616. Here the lien was filed on May 6, 1952, but the appellees were not sued until May 13, 1954. It is evident that the suit is barred unless there is some special reason for holding the fifteen-month limitation to be inapplicable.

Superior advances two theories to support its contention that the suit was filed in time. It is first pointed out that this complaint is based upon § 5 of the Miners' Lien Law (Ark. Stats., § 51-705), which provides that one holding property subject to the lien may not dispose of it without the written consent of the lienor, and that upon a violation of this provision the lienholder shall be

entitled to the possession of the property wherever found. It is shown that this authority for an action in conversion against third persons is peculiar to the Miners' Lien Law, there being no similar provision in the mechanics' lien statutes. Hence, says the appellant, "the statute of limitations governing the time for enforcement of the lien, which commences to run when the lien is filed, could have no application to an action for conversion, which runs from the act of conversion, and for the simple reason that the conversion might occur after the 15 months had expired."

This argument, although plausible, is not quite sound. The Miners' Lien Law specifically states that, "except as herein expressly provided," the lien must be enforced within the time allowed by the mechanics' lien statute. Ark. Stats., § 51-708. The act does not expressly provide a separate period of limitations for a suit for conversion under § 5; so by its literal language the statute requires that such an action be brought within fifteen months from the filing of the lien. Superior cannot be permitted to take advantage of a statutory cause of action without at the same time being subject to the restrictions imposed by the statute.

We do not agree with Superior's suggestion that this holding carries with it the possibility of an injustice to the lienholder. Certainly that is not true in the case at bar, for Superior alleges that both the conversions complained of occurred before its notice of lien was lodged with the circuit clerk. Hence Superior actually let the full fifteen months go by without filing its suit. On the other hand, if no conversion has yet occurred when the lienholder files his suit against the principal debtor, the lienor may protect himself by filing a notice of *lis pendens*. See Ark. Stats., § 27-501, which applies to suits involving either real or personal property. If the property should thereafter be converted by a stranger to the case, he would take subject to the outcome of the litigation. *Mitchell* v. *Federal Land Bk. of St. Louis,* 206 Ark. 253, 174 S. W. 2d 671. In those circumstances the lienholder would not have to resort to the special

cause of action that is conferred by § 5 of the Miners' Lien Law.

Superior's second contention is that the running of the fifteen-month statute of limitations was suspended by the bankruptcy proceedings instituted by its vendee, Roberts Petroleum, Inc. Section 11 of the Bankruptcy Act provides that the operation of any statute of limitations "affecting the debts of a bankrupt provable under this title" shall be suspended as therein stated. 11 U. S. C. A. § 29 (f). Section 391 of the act, applying specifically to debtor's arrangements, provides that all statutes of limitations "affecting claims provable under this chapter" shall be suspended during the pendency of the proceedings. 11 U. S. C. A. § 791.

It is evident that the present case does not come within the exact language of the federal law, for Superior's cause of action for the torts of Saulsberry and Beebe did not constitute a debt of Roberts Petroleum Inc., or a claim provable in the arrangement proceedings. It is argued, however, that Superior was required to prove its claim against Roberts as a condition precedent to the maintenance of an action against Saulsberry and Beebe. In this connection Superior relies upon the decision in *Cruce* v. *Mitchell*, 122 Ark. 141, 182 S. W. 530, where it was held that the original contractor is an indispensable party in a suit to fasten a mechanics' lien upon the landowner's property.

The reasoning followed in the *Cruce* case does not apply to the situation now presented. There the contractor was held to be an indispensable party because the mechanics' lien law makes it his duty to defend the action at his own expense. Ark. Stats., § 51-610. There is no similar requirement with respect to the cause of action conferred by § 5 of the Miners' Lien Law. Quite the contrary, that section provides that the lienholder is entitled to the possession of the property "and to have the same then sold for the payment of his debt, whether said debt has become due or not." Ark. Stats., § 51-705. Since the lienor is permitted to assert an independent cause of action against the converter before

the principal debt has even become due, there is no reason to say that the principal debtor is invariably a necessary party to the action. As far as the record before us shows, the pendency of the Roberts bankruptcy case did not prevent Superior from bringing its suit within fifteen months after the lien was filed.

Affirmed.