PLANT *v*. CAMERON FEED MILLS.

5-1435                                    309 S. W. 2d 312

Opinion delivered February 3, 1958.

*Alfred Featherston*, for appellant.

*Townsend & Townsend, George E. Steel* and *Wright, Harrison, Lindsey & Upton*, for appellee.

ED. F. McFADDIN, Associate Justice. This is a suit by appellant to enforce his lien under § 51-601 *et seq.* Ark. Stats. on a building on leased land (§ 51-606 Ark. Stats.) in the City of Nashville, Howard County, Arkansas.

Appellant, Robert Dale Plant, is an individual who claims that under contract he performed labor on, and furnished materials used in, the building involved. Appellee, Cameron Feed Mills, Inc. (hereinafter called "Cameron"), is an Arkansas corporation, in existence long prior to January 1, 1956, and domiciled in Pulaski County, Arkansas. Appellee, Peterson, Garbi & Joseph, Inc. (hereinafter called "Peterson"), is an Arkansas corporation, domiciled in Pulaski County, Arkansas, engaged in the general contracting business, and actually constructed the building here involved. Appellee, Nashville Feed Mills, Inc. (hereinafter called "Nashville"), is an Arkansas corporation organized after January 2, 1956.

A recital as to dates is necessary. On January 1, 1956 Mr. White, acting for Peterson, employed appellant to perform labor on, and furnish materials used in the construction of, a building in Nashville, Howard County, Arkansas. Mr. White told appellant—at the time of original employment—that the building was the Cameron Feed Mills building. Acting under the contract, appellant performed services and furnished materials from January 1, 1956 to May 16, 1956. His account remained unpaid in the claimed balance of $1,167.50 as of June 1, 1956; and on that day appellant and his attorney addressed letters to Cameron[1] and Peterson, informing each corporation as to appellant's claim.

---

[1]The letter to Cameron read: "You and all of you will take notice that the undersigned has a claim against all of Block 113 Newton,

On June 4, 1956 the President of Cameron Feed Mills, Inc. wrote the attorney for Mr. Plant as follows:

"We are in receipt of a letter sent to Cameron Feed Mills by you . . . The general contractors for our building now under construction at Nashville, to whom a copy of this letter is being sent, tell us that Mr. Plant's bills have been paid on time as presented, and are unable to explain the item of $1,167.50 which you claim. Therefore, please furnish us and Peterson, Garbi, & Joseph an itemized statement of the labor and materials to which you refer. We have checked your bills to them and find there are some 10 or 12 items that have been paid in the last month or so. Please let us have your reply by return mail."

Cameron sent a copy of the above letter to Peterson; and that corporation on June 4th wrote appellant's attorney a letter asking for an itemization of the $1,167.50. On June 7, 1956, $190.00 was paid on appellant's account, leaving a balance of $977.50. On June 18, 1956 appellant filed with the Circuit Clerk of Howard County a notice of lien, which described the property, briefly stated the amount of labor and materials, and showed the balance to be $977.50.

On June 30, 1956 (well within 90 days from the last item furnished) appellant filed suit in the Howard Chancery Court against Cameron and Peterson, praying, *inter alia* [2], for judgment for $977.50 and a foreclosure of appellant's lien on the building. Service on each of the defendant corporations was duly obtained on the agent or proper officer in Pulaski County.

---

Nashville and the building now under construction thereon for $1,167.50 for labor done and performed and materials furnished in the construction of said building which is located on said property all of which was done and furnished within the past sixty days. The last item being furnished on May 16, 1956. You will take notice that on or after the 12th day of June, 1956 the undersigned will file with the Clerk of the Howard Circuit Court the account required by Sec. 51-601 through 51-627 of Arkansas Statutes 1947 of the State of Arkansas."

[2] In the complaint there was also a claim for personal judgment for an additional item of $3,000.00 against Peterson for damages for breach of contract. This damage claim, of course, had no place in the lien claim matter here adjudicated and is in no wise covered by the present opinion.

On August 23, 1956 Cameron filed its "Motion to Quash Service and Dismiss," claiming: (a) that it owned no property in Howard County; (b) that it did not contract with Peterson to build a building in Howard County; (c) that it did not have a building constructed in Howard County; and (d) that because of these matters it can be sued only in Pulaski County. Likewise, Peterson filed its motion, claiming: (a) that Peterson was domiciled in Pulaski County and entitled to be sued in that County; (b) that Cameron did not employ Peterson to construct the building in question; (c) that the building was not built for Cameron; and (d) that the plaintiff has not given statutory notice in the statutory manner to the owner of the property upon which he claims a materialmen's lien, and that he is not entitled to a lien on said property.

On September 10, 1956 appellant filed an amendment to his complaint stating that Nashville Feed Mills, Inc. was an Arkansas corporation, organized by the shareholders of Cameron, was the same as Cameron, and had the same officers and agent for service of process as Cameron; that the two corporations are identical; and that Nashville Feed Mills, Inc. should be added as a defendant. On October 1, 1956 Nashville filed its "Motion to Dismiss and Quash," claiming, *inter alia*:

"That plaintiff has not given statutory notice in the statutory manner to this defendant, Nashville Feed Mills, upon whose property this plaintiff claims a lien and that, therefore, plaintiff is not entitled to a lien against the property owned by this defendant.

"That the action brought by this plaintiff against the defendant, Nashville Feed Mills, was not instituted within the statutory time provided for by law, in that the claim against this defendant was not filed until after more than ninety (90) days had elapsed since the last work was claimed to have been performed."

The chancery hearing from which comes this appeal was on the motions of the three defendants; and the merits of the furnishing of labor and materials by the

plaintiff were postponed until the final determination of the present appeal. The Chancery Court sustained the motions of Cameron and Peterson and dismissed them from the suit. As to Nashville Feed Mills, Inc., the Chancery Court held that the appellant had no lien. From such decree appellant brings this appeal.

I. *The Case Against Cameron And Peterson.* All the facts heretofore recited were shown in the evidence. Appellant filed a suit on June 30th, which was well within the ninety days from the furnishing of the last items of labor and material, so, even if there had been no compliance with § 51-613 Ark. Stats., such failure would have been no defense. *Simpson* v. *J. W. Black Lbr. Co.,* 114 Ark. 464, 172 S. W. 883; *Pfeiffer Store Co.* v. *Brogdon,* 125 Ark. 426, 188 S. W. 1187; and *Robins* v. *East Ark. Builders' Supply Co.,* 199 Ark. 1174, 137 S. W. 2d 924.

We hold that, under the facts developed in this case, Cameron and Peterson are estopped from claiming that Cameron was not the owner of the building, and that it was not constructed by Peterson. Mr. White, acting for Peterson, told appellant that the building was being built for Cameron, and appellant acted on that representation. The President of Cameron wrote appellant's attorney: ''The general contractors for our building now under construction in Nashville . . . tell us that Mr. Plant's bills have been paid . . .'' It is clear that both Cameron and Peterson have admitted that the building was being constructed for Cameron; and nothing was said to the contrary by anyone until after this suit had been filed. The Trial Court was in error in sustaining the motions of Cameron and Peterson.

II. *The Case Against Nashville.* After the building was commenced by Cameron, that corporation organized the Nashville Feed Mills, Inc. as a subsidiary or allied corporation to operate the local business of Cameron in Nashville, Arkansas. When such operation began, the stationery and supplies of Cameron were used by Nashville, which could not have made the original contract with Peterson on or before January 1, 1956 (when Peterson first employed appellant) since Nash-

ville was not in existence until after January 1, 1956[3]. For purposes of this suit it was established that Nashville is identical with Cameron. Though the corporations are legally separate entities, it would constitute a constructive fraud in this case to allow Nashville to now claim an entirely separate existence from Cameron. To prevent such result, equity pierces the fiction of the corporate entity. *Rounds & Porter Lumber Co. v. Burns,* 216 Ark. 288, 225 S. W. 2d 1. In 13 Am. Jur. 162, "Corporations," § 8, the holdings are summarized: "A subsidiary or auxiliary corporation which is created by a parent corporation merely as an agency for the latter may sometimes be regarded as identical with the parent corporation, especially if the stockholders or officers of the two corporations are substantially the same or their systems of operation unified." While this rule of piercing the fiction of the corporate entity is to be applied with great caution (*Atkinson v. Reid,* 185 Ark. 301, 47 S. W. 2d 571; and *Mannon v. R. A. Young & Sons Coal Co.,* 207 Ark. 98, 179 S. W. 2d 457), nevertheless we conclude that justice requires that such rule should be applied in the case at bar.

The decree is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

GEORGE ROSE SMITH, J., dissents as to liability of Nashville Feed Mills Inc.

---

[3] Its articles of incorporation were dated January 3, 1956 and were filed with the Secretary of State on January 13, 1956.