BURKS *v.* SIMS.

5-1794                                        321 S. W. 2d 767

Opinion delivered March 2, 1959.

[Rehearing denied April 6, 1959]

*J. Fred Jones,* for appellant.

*Charles B. Thweatt,* for appellee.

PAUL WARD, Associate Justice. The issue presented by this appeal is whether the materialmen's suit to preserve the statutory lien was commenced within 90 days after the last item was furnished.

Appellant, Cecil Burks, furnished material for the construction of a building in Pulaski County belonging to appellees, Mr. and Mrs. F. W. Sims, the building contractor being Walter James Wyma. The last material item was furnished by appellant on November 2, 1957.

Ark. Stats. Section 51-601 created the lien in favor of appellant. Under Section 51-608 he could have given 10 days notice to the Simses, or under Section 51-613 he could have filed an account with the Circuit Clerk of Pulaski County within 90 days after November 2. However, it was not necessary for appellant to comply with either of the above two sections provided he commenced a suit against the necessary parties within the said 90 days. See: *Simpson, et al.* v. *J. W. Black Lumber Company,* 114 Ark. 464 (at page 468), 172 S. W. 883; and *Pfeiffer Stone Co.* v. *Brogdon,* 125 Ark. 426 (at page 428), 188 S. W. 1187.

Such a suit was attempted by appellant. On January 28, 1958, (2 or 3 days before the 90 days elapsed), appellant filed a complaint in the Circuit Court of Pulaski County against the Simses (the owners) and Wyma (the contractor). It is conceded that proper service was had on the Simses. The service on Wyma will be discussed later.

Wyma was a necessary party to the suit. See: *Simpson* v. *Black, supra; Cruce* v. *Mitchell,* 122 Ark. 141,

182 S. W. 530; and: *People's Bldg. & Loan Assn.* v. *Leslie Lbr. Co.,* 183 Ark. 800, 38 S. W. 2d 759.

It becomes necessary, therefore, to determine whether appellant's suit was commenced against Wyma within the said 90 day period. First, we shall examine the pertinent statutes and also the service that was attempted on Wyma.

Ark. Stats. Section 51-617, which deals with procedure under the lien statutes provides that it shall be "the same as in ordinary civil actions and proceedings in Circuit Courts" with exceptions not applicable here. Section 27-301 (Ark. Stats.) provides that "A civil action is commenced by filing in the office of the clerk of the proper court a complaint and causing a summons to be issued thereon." We have held that the summons must not only be issued but must be delivered to an officer with directions to serve. See: *Peace* v. *Tippett,* 195 Ark. 799, 114 S. W. 2d 461, and *Goodyear Tire & Rubber Co.* v. *Meyer,* 209 Ark. 383, 191 S. W. 2d 826.

In the case under consideration the summons was issued for Wyma and placed in the hands of the sheriff of Pulaski County (with directions to serve) within apt time. The sheriff, however, was unable to get service on Wyma. The sheriff's return showed the following: "I have this 12th day of February 1958 been unable to locate Wyma in said county—reported as out of town 1-31-58 and checked again 2-11-58—gone to Dallas, Texas to live, latest report." The reverse side of the summons has the following notation in writing: "1-31-58 return by 2-7-58 if no better address given by Atty. Jones."

After the Simses had answered appellant's complaint, alleging that Wyma was an indispensable party defendant, that no service was had on him, that there was a fatal defect of parties defendant, and that the court had no jurisdiction to establish the lien, the matter was submitted to the trial court on July 25, 1958. The court, without objection, treated Simses' answer as a motion to dismiss, found the facts to be as we have heretofore set forth, and dismissed appellant's complaint.

After much deliberation we have decided that the trial court was in error. The vital question before the court was whether Wyma was, on January 31, 1957, a resident of Pulaski County. If he was, in fact, a resident on said date, the action against him was, under the statutes above mentioned, commenced within the required time. If Wyma was not, in fact, a resident on said date, then the action was not commenced. That situation called for a determination of a question of fact. Since the Simses made the motion to dismiss, the burden was on them to show Wyma was not a resident of Pulaski County at the designated time. On that point no testimony was introduced on the motion and there is none in the record. Consequently, there is no evidence to support the judgment of the trial court. The notations on the sheriff's return were not determinative of the issue of residence even if they be considered evidence. They were consistent with Wyma being a resident or a nonresident.

Appellant had a Warning Order for Wyma issued on June 26, 1958, which, however, commenced the action only as of that date. See: *Missouri Pacific Railroad Company* v. *McLendon*, 185 Ark. 204, 46 S. W. 2d 626, and *Frank* v. *Frank*, 175 Ark. 285, 298 S. W. 1026. Neither does it avail appellant anything that Wyma filed an answer on July 17, 1958, because, as to him, appellant's suit was commenced as of that date. See: *Standard Lumber Co. of Pine Bluff* v. *Wilson*, 173 Ark. 1024 (at page 1031), 296 S. W. 27.

It follows, therefore, from the above that the cause must be reversed and remanded for the opportunity to introduce testimony and for further proceedings consistent with this opinion. It is so ordered.

Reversed and remanded.