TAYLOR *v.* GOODWIN.

5-3087                                                             371 S. W. 2d 617

Opinion delivered October 28, 1963.

*Aurelle Burnside,* for appellant.

*Spencer & Spencer,* for appellee.

SAM ROBINSON, Associate Justice. The trial court held that the cause of action alleged in this case is barred by statutes of limitation; dismissed the complaint, and the plaintiff has appealed.

In 1944 appellant and Arthur McCree, husband and wife, acquired as an estate by the entirety, the parcel of land involved herein. On February 15, 1950 the Mc-Crees were divorced, but there was no order affecting the property. In September, 1950, the property was mortgaged to the Springhill Bank & Trust Company. The mortgage was signed by Arthur McCree and is purported to have been signed by appellant, Erline McCree (now Erline McCree Taylor). The mortgage was foreclosed by a decree of the chancery court December 23, 1954. Pursuant to the terms of the decree, Rush Hooten, Commissioner, sold the property at a commissioner's sale on February 3, 1955. F. H. Goodwin was the purchaser, and he in turn conveyed to appellee, Kary Haynie Goodwin.

On December 22, 1959, appellant filed a suit against appellee to set aside the sale of February 3, 1955, alleging that she had not signed the mortgage; that her name had been forged thereto. On February 16, 1961 appellant took a non-suit and the case was dismissed without prejudice. On February 15, 1962, within one year from the taking of the non-suit but more than five years after the judicial sale, appellant filed the present suit to set aside the sale held on February 3, 1955 under the terms of the foreclosure decree. Summons was issued but was returned marked "Non est (Kary Goodwin in Mississippi)".

On January 18, 1963, appellee Goodwin filed a motion to dismiss the complaint alleging that the present

suit had not been commenced within one year from the taking of the non-suit because the defendant, appellee, was a non-resident of the state and no warning order had been issued. On January 22, 1963, appellant had a warning order issued and it was published. Later, it was stipulated that appellee Goodwin moved from Arkansas and became a resident of Mississippi about January 1, 1958. On February 3, 1963, appellant had another summons issued. It was served on appellee February 4, 1963, which, of course, was more than one year after the non-suit.

Ark. Stats. 37-108 provides: "All actions against the purchaser, his heirs or assigns, for the recovery of (lands sold by any collector of the revenue for the non-payment of taxes, and for) [sic] lands sold at judicial sales shall be brought within five [5] years after the date of such sale, and not thereafter; saving to minors and persons of unsound mind, and persons beyond seas, the period of three [3] years after such disability shall have been removed."

The original suit was filed within five years from the date of the judicial sale, but the five year period expired February 3, 1960. The non-suit was taken February 16, 1961; appellant had one year from that time to again commence action. Ark. Stats. 37-222. The complaint in the present action was filed on February 15, 1962, within the year, but no warning order was issued until January 24, 1963. The defendant was a non-resident and had not been a resident of Arkansas since 1958. Where the defendant is a non-resident, suit is not commenced until the warning order is issued. *Burks* v. *Sims*, 230 Ark. 170, 321 S. W. 2d 767; *Boynton* v. *Chicago Mill & Lumber Co.*, 84 Ark. 203, 105 S. W. 77. Here, the warning order was not issued until more than one year had expired from the date of the non-suit.

Appellant argues that by filing the motion to dismiss on January 18, 1963, appellee entered her appearance. Even so, suit was only commenced at that time, *Burks* v.

*Sims, supra;* this was more than a year after the nonsuit had been taken.

Affirmed.