B.S.C., INCORPORATED *v.* Robert W. McKINNEY et al

77-286                                    562 S.W. 2d 600

Opinion delivered March 20, 1978
(Division II)

*Jackson & Vowell,* for appellant.

*Epley & Epley, Ltd.,* for appellees.

CONLEY BYRD, Justice. Appellant B.S.C., Incorporated, a materialman in seeking to enforce a materialman's lien against the property of appellees, Mr. & Mrs. Robert W. McKinney, instead of giving the ten day notice required by Ark. Stat. Ann. § 51-608 (Repl. 1971), and filing with the circuit clerk "a just and true account of the demand due or owing to him" within 120 days as required by Ark. Stat. Ann. § 51-613 (Repl. 1971), filed suit against appellees and one Robert Hobar as the alleged contractor of the appellees. After the 120 days had expired appellees amended their answer to show that the contract for the construction of the improvements was entered into with Dogwood Enterprises, Inc., of which Robert Hobar was apparently an officer or agent. Appellant at that time admitted its error as to the identity of the contractor to whom the materials were furnished and offered to amend its complaint. Pursuant to the appellees' objection and motion, the trial court denied appellant's proffered amendment and dismissed the action on the basis that since the contractor was a necessary party, the lien was not perfected within the 120 days prescribed by Ark. Stat. Ann. § 51-613 (Repl. 1971). Appellant has appealed contending that the lien statutes as interpreted and applied by the trial court denied appellant equal protection of the law.

Appellant points out that the perfection and enforcement of mechanics' and materialmen's liens is controlled by Ark. Stat. Ann. § 51-601 et seq. (Repl. 1971). Under Ark. Stat. Ann. § 51-613 (Repl. 1971), it had 120 days in which to perfect his lien by filing with the clerk. Had it followed that procedure, then it would have had 15 months under Ark. Stat. Ann. § 51-616 (Repl. 1971), in which to amend its pleadings to make the proper contractor a party. However, since it elected to proceed by filing suit, which the law permits, it was placed in a different classification with respect to amending his complaint to make the proper contractor a par-

ty to the action because under the procedure appellant followed, it was limited to 120 days. Consequently, appellant concludes that the classification does not rest upon a constitutionally reasonable basis.

The error in appellant's argument is his premise. A review of Ark. Stat. Ann. § 51-601, *supra,* shows that a lien can be perfected only *"upon complying with the provisions of this Act."* Since the Mechanics' and Materialmen's Lien Act (Ark. Stat. Ann. §§ 51-604 — 51-626) permits an action to be filed by the person claiming the lien and requires that the contractor be made a party defendant, we have held that when the materialman files a *proper action* within the time limit of 120 days such substantial compliance on the part of the materialman will constitute a *perfection of the lien.* However, when the materialman merely files an action within 120 days against the property owner without making the contractor a party, the lien is not perfected within the provisions of the Mechanics' and Materialmen's Lien Act, *Burks v. Sims,* 230 Ark. 170, 321 S.W. 2d 767 (1959). Thus as can be seen the 15 month provision of Ark. Stat. Ann. § 51-616 (Repl. 1971), does not come into play until a lien has been perfected. It therefore follows that the classification between a lien claimant who proceeds pursuant to Ark. Stat. Ann. § 51-613 (Repl. 1971), and one who makes a substantial compliance is the same — because it is the perfection of the lien that is involved.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HOLT, JJ.