Joe W. CLINE, Jr., d/b/a CLINECO ERECTORS, INC.
*v.* B.G. CONEY COMPANY and NORTH ARKANSAS
WHOLESALE, INC.

86-130                                      711 S.W.2d 815

Supreme Court of Arkansas
Opinion delivered July 7, 1986

*Gibson & Ellis*, by: *Sam Ed Gibson*, for appellant.

*William R. Butler*, for appellee.

GEORGE ROSE SMITH, Justice. This is an action brought by the appellant, Clineco Erectors, to enforce a mechanic's lien upon property owned by an appellee, Arkansas Wholesale. On motion for summary judgment the trial court dismissed the action on three grounds, one being that a necessary party, Lashlee Steel Company, had not been joined as a defendant within the time allowed by statute. The case was transferred to us by the Court of Appeals as involving an interpretation of a procedural rule. We need not reach this point, because the case was correctly dismissed for want of a necessary party.

Arkansas Wholesale employed B.G. Coney Company as the general contractor for the construction of a building in White county. Coney subcontracted part of the work to Lashlee Steel, which in turn employed the plaintiff, Clineco, to erect the building. Clineco alleges that there is a balance of $4,253 due for overtime wages paid on the job, which was completed on October 15, 1984.

The statute, as interpreted by court decisions, requires the lien claimant either to file its account with the circuit clerk or to

bring suit within 120 days after the completion of the work. Ark. Stat. Ann. § 51-613 (Repl. 1971). On February 6, 1985, the 114th day, Clineco filed this action against the landowner and the general contractor. On February 15, the 123rd day, Clineco joined Lashlee Steel as a defendant, though no service of process was ever had on Lashlee. Clineco admits that its contract of employment was only with Lashlee, not with Coney.

The case is controlled by our reasoning in *Simpson* v. *J.W. Black Lbr. Co.*, 114 Ark. 464, 172 S.W. 883 (1914), which we have reaffirmed in later cases. *Burks* v. *Sims*, 230 Ark. 170, 321 S.W.2d 767 (1959); *B.S.C., Inc.* v. *McKinney*, 263 Ark. 110, 562 S.W.2d 600 (1978). In the *Black* case the materialman, which had sold lumber to the contractor, brought suit only against the owners, who had no contract with the materialman. In holding that the contractor was a necessary party and that it was essential that he be joined as a defendant within the 90 days then allowed, we said:

> The contractor was a necessary party and should have been made codefendant with the owners, who knew nothing about what amount of materials had been furnished, nor how much of the materials furnished had gone into the construction of the improvement. He was a necessary party, both for his own and the owner's protection. The owners had the right to look to him for the payment of any judgment that might be recovered against their property for materials furnished, having contracted with him to supply such materials and paid him the contract price for the improvement, and can not be compelled to resort to another action against the contractor for the recovery of such sum of money in which the contractor would be at liberty to claim that he did not owe the materialman the amount for which the judgment was rendered and the lien enforced. It is the intention of the law to have the contractor to defend all such actions and be bound by the judgment rendered.

The same principle applies here. Neither the owner nor the general contractor had a contract with Clineco. The contractor had paid Lashlee Steel. It was essential that Lashlee Steel be joined, within 120 days, to settle all the issues in one lawsuit.

Affirmed.