## G. C. Dent, Defendant in Error, v. J. E. Sexsmith, Plaintiff in Error.

### Gen. No. 16,840.

DAMAGES—*breach of building contract.* Where defendant repudiates a building contract by the terms of which he was to pay plaintiff upon presentation of an architect's certificate, plaintiff may treat the contract as rescinded and recover reasonable value of work and material without such certificate.

Error to the Municipal Court of Chicago; the Hon. MANCHA BRUG-GEMEYER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed December 11, 1912.

ELMER H. ADAMS, DWIGHT S. BOBB and ASA G. ADAMS, for plaintiff in error.

STEDMAN & SOELKE, for defendant in error.

MR. JUSTICE BAUME delivered the opinion of the court.

On December 6, 1909, defendant in error, a building contractor, entered into a written contract with plaintiff in error, the owner of certain premises in Chicago, for the construction of an apartment building for $4,288.00. The contract provided that the work should be started at once and pushed to completion as rapidly as the weather conditions would permit. In other respects, the provisions of the contract conformed with the provisions ordinarily contained in building contracts. Immediately after the making of the contract, defendant in error did all or nearly all the excavating for the walls, and contracted for material, some of which was delivered at the premises. About the middle of December defendant in error was obliged to quit work, because of the inclemency of the weather, and thereafter did no further work under the contract. Based upon his claim that plaintiff in error had refused to permit him to do any further work and

had repudiated the contract, defendant in error brought suit in the Municipal Court to recover for labor and material performed and furnished under the contract, for necessary expenses incurred by reason of the alleged repudiation by plaintiff in error of the contract, and for loss of profits occasioned thereby. A trial by the court resulted in a finding and judgment against plaintiff in error for $185. No recovery was allowed defendant in error for loss of profits, because he had neglected to procure a permit from the municipal authorities for the construction of the building.

The evidence bearing upon the question whether or not defendant in error ceased further work for some reason personal to himself or was directed by plaintiff in error to do no further work under the contract is conflicting, but a consideration of such evidence impels us to the conclusion that the claim of defendant in error in that regard was substantially established and that the conduct of plaintiff in error amounted to a repudiation by him of the contract. The attendant facts and circumstances, which are not necessary to be here detailed, are strongly corroborative of the claim of defendant in error in that regard.

It is not seriously urged that if a recovery may be had the damages awarded are excessive, but it is insisted that the procurement by defendant in error of the architect's certificate was a condition precedent to his right to recover. By the terms of the contract payment for work and material was only required to be made by plaintiff in error upon presentation of the architect's certificate, but as such contract was abrogated and repudiated by plaintiff in error without fault of defendant in error, the latter may treat the contract as rescinded, and recover the reasonable value of the work and material and the money necessarily expended by him without such architect's certificate. Bonnet v. Glattfeldt, 120 Ill. 166.

There is no error in the record and the judgment is affirmed.

*Judgment affirmed.*