## D. A. Matot, Appellee, v. Frederick R. Barnheisel and Mrs. Frederick R. Barnheisel, Appellants.

### Gen. No. 24,318.

1. APPEAL AND ERROR, § 866*—*when rule as to furnishing complete abstract not complied with.* Rule 18 of the Appellate Court, First District, requiring a party bringing a cause to the Appellate Court to "furnish a complete abstract or abridgment of the record," is not complied with where the pleadings, the master's report, master's certificate of services, etc., the exhibits to the master's report, the objections to the master's report, and the decree, are all set out *in hæc verba.*

2. APPEAL AND ERROR, § 1752*—*when affirmance of decree for insufficiency of abstract proper.* An abstract which does not comply with rule 18 of the Appellate Court, First District, because setting out the pleadings and record *in hæc verba,* might properly be stricken from the files and the decree pro forma affirmed.

3. MECHANICS' LIENS, § 196*—*when existence of sublease shown.* The existence of a sublease is prima facie shown, in proceedings for enforcement of a mechanic's lien, where although the lessee disclaimed having possession of the lease when it was called for as evidence, yet he admitted its existence and the amount of the rent per month.

4. MECHANICS' LIENS, § 94*—*what is work for purpose of computing 4-month period for filing of lien notice.* The putting of kick plates and brass on the doors of a building by a contractor, who is remodeling the building for a sublessee which work is of the value of $20, is not of inconsequential character so as to necessitate the disregarding of it in computing the 4-month period

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from the doing of the last work within which the lien notice must be filed.

5. MECHANICS' LIENS, § 94*—*what is period of time for filing claim, as against owner.* Under section 7 of the Mechanics' Liens Act (J. & A. ¶ 7145), as against the owner, lien claimants have 2 years within which to file their claims for liens.

6. MECHANICS' LIENS, § 27*—*who is "owner" within . act.* A lessee for 99 years is an "owner" within the purview of section 1 of the Mechanics' Liens Act (J. & A. ¶ 7139).

7. MECHANICS' LIENS, § 27*—*what is meaning of word "owner."* The word "owner" as used in the Mechanics' Liens Act means the owner of any interest in the land.

8. MECHANICS' LIENS, § 32*—*when affirmative assent by lessee to making of improvements by sublessees shown.* On a bill to enforce a mechanic's lien, evidence *held* sufficient to show not only that the lessee permitted improvements to be made by a contractor working for the sublessee, but that he also affirmatively assented to the making of such improvements.

9. MECHANICS' LIENS, § 32*—*when interest of lessee is subject to for work, done for sublessees.* The interest of a lessee in the premises is subject to a mechanic's lien for work done by a contractor employed by the sublessees, where such lessee not only permitted without protest the improvements to be made but also affirmatively consented to the making of such improvements.

10. MECHANICS' LIENS, § 175*—*when subcontractors not necessary parties to proceedings to enforce lien.* It is unnecessary that subcontractors be made parties to proceedings by the contractor to enforce a mechanic's lien, where it is not shown that any subcontractor under the contractor has any unpaid claim or that any subcontractor has not been paid for his work done upon the premises.

11. MECHANICS' LIENS, § 212*—*when defense raised too late.* The defense that subcontractors were not made parties to proceedings to enforce a mechanic's lien comes too late when made on appeal for the first time.

12. MECHANICS' LIENS, § 212*—*when assumed that subcontractors neither have nor claim liens.* It will be assumed on appeal, in proceedings to enforce a mechanic's lien in favor of the contractor, that subcontractors neither have nor claim liens where the time for filing notice of liens by subcontractors has expired, and there is no evidence in the record that any notice of any claim for a lien has been filed by any of them.

13. APPEAL AND ERROR, § 1077*—*when assignment of cross errors*

*proper.* Where an appeal is general, and not limited, appellee may assign cross errors.

14. APPEAL AND ERROR, § 1077*—*when right to assign cross errors is preserved in favor of contractor in mechanics' liens proceedings.* The right to assign cross errors was preserved to the contractor, appellee, in proceedings to enforce a mechanic's lien in favor of a contractor, where the contractor filed objections to the portion of the master's report disallowing his claim under the so-called contract, which objections were refiled as exceptions before the chancellor and overruled by both.

15. BUILDING AND CONSTRUCTION CONTRACTS, § 75*—*when contractor not under duty to complete work.* It is not incumbent upon a contractor to complete the work of remodeling a building for sublessees where the latter first breach the contract and abandon the sublease.

16. MECHANICS' LIENS, § 32*—*when lien for amount due contractor from sublessees extends to interest of lessee.* The liability of a lessee on a contract for work done by contractor for sublessees is coextensive with that of the sublessees, where he is a party to the contract, and a lien for the amount so due extends to the interest of the lessee in the land upon which the improvements were made.

17. BUILDING AND CONSTRUCTION CONTRACTS, § 81*—*when reasonable value of work done and materials furnished may be recovered.* Where one party repudiates a building contract the other party may treat the contract as rescinded and recover the reasonable value of the work done and material furnished thereunder.

Appeal from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in this court at the March term, 1918. Reversed in part and remanded with directions. Opinion filed November 11, 1918.

DICKINSON, WETTEN & KEEHN, for appellants.

EDMUND W. FROEHLICH, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The motion of appellants to strike the cross errors assigned by appellee from the record, reserved to the hearing, is denied.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

There has been a most flagrant violation of rule 18 of this court in the manner of the preparation of the abstract. The rule says that the party bringing a cause to this court "shall furnish a complete abstract or abridgment of the record." The document called an abstract is far from complying with this rule. The bill, the answer of Ebert in the nature of a bill of interpleader, the answer of appellants, the replication thereto, the master's report and master's certificate of services, etc., the exhibits to the master's report, the objections to the master's report, twenty-six in number, and the decree, are all set forth *in hæc verba,* including the formal parts, even to the signatures and official designations of the master to his report and of the judge to the draft of the decree.

These infractions of the rule are inexcusable, the penalty for which would justify the abstract being ordered stricken from the files, followed by a pro forma affirmance of the decree. Counsel should understand that they cannot violate the rules of the court in this way with impunity, and furthermore that the court's refraining in this instance from so striking the abstract must not be taken as a precedent sanctioning such violation of the rule.

This is a proceeding to enforce a mechanic's lien upon certain premises in Chicago of which appellant Frederick R. Barnheisel is the lessee for a term of 99 years. Notice of the lien claim was filed by both appellee and Ebert, as required by statute, October 28, 1914, and January 19, 1915, this proceeding was instituted.

Barnheisel made a sublease to Watson & Baschelli of the first floor of the premises for a term of 10 years, and while Barnheisel disclaimed having possession of the lease when it was called for as evidence, yet he admitted its existence and that the reserved rental was $1,000 a month. Under the circumstances we think this was sufficient prima facie evidence of the existence

of this sublease. Furthermore it is not disputed that the premises were sublet to Watson & Baschelli in which to conduct a saloon and restaurant. To so convert the premises required the repartitioning, painting and papering of the rooms, the installation of a new store front, windows, transoms, lavatories and other plumbing and the building of an addition in the rear for use as a kitchen.

The sublessees, Watson & Baschelli, accepted verbally three estimates made by appellee Matot, the first of which was for the sum of $1,272, plus $8 per foot for extra partitions, and covering the partitioning of the space, new store front and incidental work. The second estimate covered the installation of urinals, lavatory and plumbing, and of new windows, and was for the sum of $711. The third estimate covered the construction of a complete permanent brick addition in the rear at a price of $1,210.

Theodore Ebert, Jr., did certain interior decorating, painting and paper hanging at the request of Watson & Baschelli, amounting to $83.50. Ebert was made a defendant and filed an answer in the nature of an intervening petition, claiming a lien for the amount due him. There was a reference to a master and upon his report a decree was entered allowing a lien to Ebert for the amount of his claim and also allowing Matot a lien on contracts 1 and 2 and disallowing Matot's claim under contract 3. From this decree as to Matot, appellants prosecute this appeal, and appellee Matot has assigned cross errors for the failure of the chancellor to enter a decree including the amount due him on the so-called third contract.

Appellants first contend that appellee Matot is not entitled to the lien because the lien notice was not filed within 4 months from the doing of the last of the work, and while it is admitted that on June 25, 1915, kick plates and brass were put on the doors, the approximate value of which work was $20, it is insisted

that this was of such an inconsequential character that it should be disregarded. We do not, however, agree with this contention; on the contrary we are of opinion that the claim for lien was filed within 4 months. Moreover, were this not so, under section 7 of the Liens Act (J. & A. ¶ 7145), as against the owner, which Barnheisel was, lien claimants had 2 years within which to file their claims. Barnheisel as a lessee for 99 years was, within the purview of section 1 of the Liens Act (J. & A. ¶ 7139), an owner. In *Sorg v. Crandall*, 233 Ill. 79, it was held that "owner" as used in the act means the owner of any interest in the land. *Paulsen v. Manske*, 126 Ill. 72.

It is next contended that the interest of Barnheisel in the premises is not subject to the lien claim. It appears that Barnheisel was cognizant of the making of the contracts and sat by and assented thereto; that he had knowledge of the progress made under the contracts, the construction of the kitchen and the making of the other improvements upon his leasehold premises; that subsequently the sublease to Watson & Baschelli was canceled and Barnheisel took possession of the premises, including the improvements thereon made by appellee.

We think the proof abundantly establishes the fact not only that Barnheisel permitted without protest the improvements to be made, but that he affirmatively consented to the making of such improvements. Barnheisel himself testified: "To tell the truth, I supposed they were working in there, but I didn't know." If he "supposed they were working in there," the law will fasten upon him knowledge of that fact. In these circumstances the interest of Barnheisel in the land is subject to the lien of appellee. *Wertz v. Mulloy*, 144 Ill. App. 329; *Loeff v. Meyer*, 284 Ill. 114.

It is also contended that there is included in the contracts nonlienable items. If there are any such the

proofs do not so disclose. Every item included in the contract was for permanent improvements, which, when installed, became a part of the freehold and were not even removable by the tenant at the expiration of the lease.

Appellants contend that there is a lack of proper parties, and that the subcontractors of Matot should have been made parties to the action. There is no force in this contention, as there is no evidence showing that any subcontractor under Matot had any unpaid claim or that any subcontractor had not been paid for work done upon the premises. Furthermore, no such defense is raised by the pleadings, and it comes too late when made in this court for the first time. *Jennet Bridge & Iron Works v. Churchill,* 182 Ill. App. 548.

As the time for filing notice of any liens by subcontractors has long since expired, and there being no evidence in the record that any notice of any claim for a lien has been filed by any of them, we will assume that none of them either has or claims a lien.

We now come to the consideration of the cross errors assigned by appellee Matot. His right so to do is challenged. Where an appeal is general, as in the instant case, and not limited, appellee may assign cross errors. *Oliver v. Wilhite,* 201 Ill. 552.

We think, however, the right to assign cross errors was preserved to Matot because he filed objections to the portion of the master's report disallowing his claim under the so-called third contract, which objections were refiled as exceptions before the chancellor and overruled by both. Matot by these objections and exceptions preserved his right to assign cross errors and have this part of the decree reviewed.

The assignment of cross errors involves the so-called third contract. The amount proven under this contract was $949. This contract covered a brick addition to the premises and the claim was disallowed upon the theory that the work thereon was not subsequently

completed. The proof shows that Watson & Baschelli abandoned the contract and the sublease and that Barnheisel took possession of the property upon such abandonment, including all the work done upon the brick addition. Watson & Baschelli first breached the contract and it therefore was not incumbent upon Matot to complete the work. To hold Barnheisel liable to pay for the work done imposes no hardship upon him, because he has received the benefit of all such work. The liability of Watson & Baschelli to pay could hardly be disputed; this being the fact, Barnheisel is equally liable. In other words, Watson & Baschelli could not plead as a defense their abandonment of the premises and the noncompletion of the improvements by Matot after such abandonment. The liability of Barnheisel is coextensive with that of his sublessees for the reason that he was a party to the contract, and a lien for the amount so due extends to the interest of Barnheisel in the land upon which the improvements were made. *Russell, Burdsall & Ward v. Excelsior Stove & Manufacturing Co.*, 120 Ill. App. 23.

In *Dent v. Sexsmith*, 175 Ill. App. 537, it is held that where one party repudiates a building contract the other party may treat the contract as rescinded and recover a reasonable value for work done and material furnished thereunder.

The proof shows that there was rightfully due Matot under the contract last referred to $949, for the disallowance of which the decree is to that extent erroneous.

The decree of the Superior Court is reversed in part and the cause is remanded with directions to amend the decree by adding to the amount therein found due to Matot the sum of $949, the amount due him under the so-called third contract, and as so amended to enter the same of record as the final decree in the case, cost of the additional abstract to be

taxed as costs in the cause, and all costs both here and
below to be taxed against appellants.

*Reversed in part and remanded with directions.*