BLAKE *v*. COMMERCIAL FACTORS CORPORATION, INC.

4-9088                                                226 S. W. 2d 986

Opinion delivered February 20, 1950.

*C. Floyd Huff, Jr.,* for appellant.

*Guy B. Reeves,* for appellee.

MINOR W. MILLWEE, Justice. Appellant, H. L. Blake, formerly operated a wholesale merchandise brokerage business at Little Rock, Arkansas. In 1944 and 1945 he bought several shipments of merchandise from Gainor Sales Company of Philadelphia, Pa., which he resold to retailers. The instant controversy involves two such shipments made on March 1, 1945, and March 5, 1945. On September 19, 1946, the Gainor Sales Company assigned its account against appellant to appellee, Commercial Factors Corporation.

This suit was filed by appellee on May 7, 1948, for recovery of the balance alleged to be due on appellant's account in the sum of $1,498.78. An answer filed by former counsel for appellant denied the material allegations of the complaint and alleged that the claim was barred by the three year statute of limitations (Ark. Stats., 1947, § 37-206). A trial before the circuit judge, sitting as a jury, resulted in judgment for appellee for $1,219.39.

The first two assignments in the motion for new trial allege that the court erred in refusing to sustain

appellant's plea of the statute of limitations. At the commencement of the trial appellant made an oral motion for dismissal on this ground. In response thereto counsel for appellee stated that former counsel for appellant had agreed at a pretrial conference to withdrawal of the plea of the statute of limitations and to a trial on the merits. Appellee's counsel also stated that documentary evidence would be introduced to show that the statute was tolled. Thereupon, the court withheld a ruling on the motion until all the testimony was heard, at which time the motion was overruled on the ground that the statute had been tolled.

The invoice of March 1, 1945, lists 597 dozen rayon panties at $2.25 per dozen and 20½ dozen hose at $4.25 per dozen, the total invoice price amounting to $1,438.38. The invoice of March 5, 1945, was for 24 dozen part wool gloves and 84 dozen handkerchiefs at a total invoice price of $242.40. The invoices provide: "No claims allowed unless made within five days after receipt of goods."

The merchandise included in the order of March 1, 1945, was sold to appellant as "seconds" on samples previously submitted and was inspected by appellant when received. Upon receipt of the merchandise listed in the invoice of March 5, 1945, the 24 dozen part wool gloves were returned. In response to a letter of July 30, 1945, appellant wrote the Gainor Sales Company on August 5, 1945, as follows: "Your Invoice dated March 1st is correct, however your Invoice March 5th. We returned the wool Gloves, and if you will straighten the Invoice out and send me the corrected amount due you, with proper adjustment, etc., we will mail you our check, otherwise we pay our Lawyer by the year and he has already told me what to do. Your account is the last outstanding one on our Blake Supply Company books."

In order to continue or revive a cause of action and remove it from the bar of the statute of limitations, there must be either an express promise of the debtor to pay the debt, or an acknowledgment of the debt, from which a promise to pay is to be implied; or a conditional promise to pay the debt and evidence that the condition

has been performed. *School District* v. *Cromer*, 52 Ark. 454, 12 S. W. 878, 6 L. R. A. 510; *Morris* v. *Carr*, 77 Ark. 228, 91 S. W. 187. In *Street Imp. Dist. No. 113 of Hot Springs* v. *Mooney*, 203 Ark. 745, 158 S. W. 2d 661, we held (Headnote 2): "In determining whether there has been a sufficient acknowledgment in writing to toll the statute of limitation, the question to be determined is the intention of the debtor. It is generally held to be sufficient if, by fair construction, the writing constitutes an admission that the claim is a subsisting debt, and if the acknowledgment is unaccompanied by any circumstances repelling a presumption that the party intended to pay."

When the letter of August 5, 1945, is considered in the light of the above rules, we think the trial court was warranted in holding that it established a new period from which the statute of limitations began to run. There was a clear acknowledgment of the correctness of the invoice of March 1, 1945. A promise to pay the account was made contingent upon the allowance of credit on the invoice of March 5, 1945, for return of the gloves. It is undisputed that this condition was performed by proper credit in the amount of $174 for the returned merchandise.

The last three assignments in the motion for new trial challenge the sufficiency of the evidence to support the judgment. In this connection the trial court found that appellant sold the 597 dozen rayon panties for $1,063.86 and appellant argues that there is no proof to sustain such finding. There is considerable variance in the testimony of appellant and his statements in letters to Gainor Sales Company on this issue. Since the evidence is sufficient to show there was a completed sale by appellant's receipt, inspection and acceptance of merchandise at a price in excess of the amount of the judgment, we find it unnecessary to decide whether the trial court correctly determined the amount appellant actually received for the goods.

Appellee contends that it is entitled to judgment for the full amount sued for, but there is no cross-appeal.

The judgment is affirmed.