TAYLOR *v.* MERCHANTS NATIONAL BANK, EX'R.

5-3010                                                          367 S. W. 2d 747

Opinion delivered May 20, 1963.

*Franklin Wilder, Sexton & Morgan,* for appellant.

*Martin L. Green* and *Edward E. Bedwell,* for appellee.

JIM JOHNSON, Associate Justice. This appeal involves two wills, a suit to enforce an oral contract to devise real property, and a claim against an estate for money loaned decedent, all of which have been consolidated for briefing and argument.

On June 12, 1962, the Sebastian Probate Court, case no. 9913, admitted to probate a will of Laura D. Barton bearing the typed date of April 23, 1962. Letters testamentary were issued to appellant Viola Barton, a daughter of the decedent. Thereafter on June 26, 1962, case no. 9921, Elliot Barton, a son of decedent, petitioned for probate of a will of decedent dated April 24, 1962. On July 5, 1962, Barton filed a petition in the first probate case to revoke the letters testamentary granted to appellant on June 12th, on the ground that the will in that case was not the latest will of the decedent.

The two cases were consolidated for trial. Hearing was had August 10, 1962, following which the trial court revoked the letters granted to appellant and the probate of the will dated April 23, 1962, admitted to probate the will dated April 24, 1962, and ordered that letters testamentary be issued to appellee, the Merchants National Bank of Fort Smith as executor of the will of April 24th.

At the hearing on August 10, 1962, appellant presented evidence for the purpose of showing that the will dated April 23rd was actually executed on the 26th or 27th of April and therefore the later will, and that this will was executed by decedent in performance of an oral contract made by decedent with appellant, under which decedent borrowed two sums totaling $3,800.00 from appellant and promised to will real property to appellant if the loans were not repaid before decedent's death.

On August 28, 1962, appellant filed her claim, in the second probate case, for $3,800.00, alleging that she had made two loans to decedent totaling that sum and that no part of it had been paid.

On September 6, 1962, appellant filed a petition in Sebastian Chancery Court seeking specific performance of the alleged oral contract to devise real property.

On January 4, 1963, all parties stipulated that the testimony offered by the opposing parties at the hearing on August 10, 1962, in the Probate Court would be all of the testimony to be considered by the Chancery Court in the specific performance case, and by the Probate

Court in the second probate case concerning appellant's claim. On that same date, January 4th, the trial court entered its decree denying the relief sought in Chancery and dismissing the complaint, and in the Probate case disallowing the claim. From the decrees then entered, appellant has appealed to this court.

Appellant's first point urged for reversal is that the will having the typed date, April 23, 1962, was deceased's last valid will.

The trial court found that the April 24th will was the last valid will of the decedent. Appellant in no way questions the execution and attestation of the April 24th will, or controverts the testimony as to the date of execution of that will. The April 23rd will was first admitted to probate on proof of will forms approved by this court which affidavit states in part, "On the execution date of the instrument" the testatrix signed the instrument and the witnesses signed as attesting witnesses "the attached written instrument, dated 23rd day of April, 1962." Until the April 24th will was offered for probate as a later will, there would be no reason for appellant to show that it was executed other than on the date typed into the instrument. However, once the April 24th will was offered for probate, the burden was then on appellant to show that the April 23rd will was in fact executed other than on the 23rd. We have long required clear, cogent and convincing evidence to vary the terms of any written instrument. *Welch* v. *Welch,* 132 Ark. 227, 200 S. W. 139; *Green* v. *Bush,* 203 Ark. 883, 159 S. W. 2d 458. Reviewing all the evidence (much of which is patently inconsistent) as we do on trial de novo, and considering only the competent and credible evidence, *Barksdale* v. *Carr,* 235 Ark. 578, 361 S. W. 2d 550; *Nolen et al* v. *Harden et al,* 43 Ark. 307, we do not find such a preponderance of the evidence as to be clear, cogent and convincing that the April 23rd will was executed on any other date than April 23rd.

Appellant's next contention for reversal is that the oral contract to devise the property to appellant should be enforced.

In *Offord* v. *Agnew*, 214 Ark. 822, 218 S. W. 2d 370, our general rule on oral contracts to devise is quoted as follows:

"It is not sufficient that he establish it by a preponderance of the testimony, but that he must go further and establish the contract by evidence so clear, satisfactory and convincing as to be substantially beyond a reasonable doubt."

Reviewing the testimony and reflecting on the conduct of the members of this family, such as the fact that appellant was the one daughter of decedent's three daughters to whom decedent turned when her husband died fifteen years earlier and whom decedent chose to make her home with or near, contrasted with the facts that her only son had traveled to see decedent just twice in the twelve years prior to her death, such an oral contract to devise property is not inconceivable. However, in addition to the apparent financial security of decedent it was shown that subsequent to the making of the alleged loans which were contended to be the consideration for the oral contract to devise the property here in question, appellant purchased from the deceased a small sixteeen or eighteen foot corner off said property and paid the deceased a cash consideration therefor. The payment of money to one's alleged debtor is, to say the least, not consonant with the existence of a debt. This testimony along with the testimony as a whole relative to an oral contract to devise property does not approach that required by the *Offord* case, *supra,* that is, the evidence is not "so clear, satisfactory and convincing as to be substantially beyond a reasonable doubt." Failing this, the Chancellor did not err in refusing to enforce an oral contract.

Appellant's last argument for reversal is that appellant's claim against the estate is not barred by the statute of limitations. In order to consider this point in its proper perspective it must be borne in mind that appellant has failed to establish an oral contract to devise property. This being true, then the simple question here presented is whether appellant's claim against the estate

is barred by the statute of limitations. For this determination we will treat the testimony as uncontradicted that appellant loaned decedent $2,000.00 in 1947 or 1948 to buy a home in Ft. Smith after her husband's death, and that again in 1949 appellant loaned her mother $1,800.00 to buy a larger home. The statute of limitations applicable to such a debt is as follows:

"37-206. The following actions shall be commenced . . . within three (3) years after the cause of action shall accrue: First, all actions founded upon any contract, obligation, or liability . . . [and not in writing] . . ."

Appellee pleaded the statute of limitations in bar to appellant's claim, and the burden is therefore on appellant to show that the running of the statute had been tolled or revived by payment or otherwise. *Johnson* v. *Murphy*, 204 Ark. 980, 166 S. W. 2d 9; *Blake* v. *Commercial Factors Corp., Inc.*, 216 Ark. 664, 226 S. W. 2d 986. There is a total failure of proof on this point.

Finding no error on trial de novo, we have no choice but to affirm the decrees appealed from.

Affirmed.