2 Ill. App.3d 582 (1971)
277 N.E.2d 154
JAMES BAYLOR et al., Plaintiffs-Appellants,
v.
HAROLD R. THIESS et al., Defendants-Appellees.
No. 71-60.
Illinois Appellate Court  Second District.
December 23, 1971.
*583 Simpson & Simpson, of Aurora, for appellants.
Redman, Shearer, O'Brien & Blood, of St. Charles, for appellees.
Reversed and remanded.
Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:
The plaintiffs appeal from an order which dismissed their action on the ground of failure to prove a prima facie case for an easement by implication.
 1 The elements necessary to establish an easement by implication are: 1) a separation of title; 2) prior to separation, the use must have been so long continued or obvious as to indicate permanency; 3) the use of the claimed easement must be essential to the beneficial enjoyment of the land granted or retained. (Gilbert v. Chicago Title & Trust Co. (1955), 7 Ill.2d 496, 499; Carter v. Michel (1949), 403 Ill. 610, 617; Traylor v. Parkinson (1934), 355 Ill. 476, 479.) In their complaint, plaintiffs set forth sufficient facts to establish these elements of an easement by implication.
 2 The defendants' answer admitted all the essential allegations of the complaint, and then alleged that the plaintiffs were aware, when they purchased their property, that they would not be able to use the septic system on defendants' property for their sewerage disposal. At the close of plaintiffs' case, the trial court held that the plaintiffs had the burden to negate the affirmative allegations of the defense and could not establish a prima facie case until they did so. The court erred in so finding, and must be reversed.
 3, 4 The plaintiffs had established a prima facie case because they had alleged sufficient facts, admitted by defendants on which to find an easement by implication. (Morrison v. Flowers (1923), 308 Ill. 189, 195.) The defendants' answer was an affirmative defense because, while it admitted all the elements necessary to establish an easement, it asserted new matter by which the apparent right could be defeated. (Section *584 43(4) of the Civil Practice Act, Ill. Rev. Stat. 1969, ch. 110, par. 43(4); Hurst v. Papierz (1970), 129 Ill. App.2d 117, 126; Cunningham v. City of Sullivan (1958), 15 Ill. App.2d 561, 567-568.) The burden of proving an affirmative defense is on the one asserting it. (Paddock v. Glennon (1964), 32 Ill.2d 51, 54; Horst v. Morand Bros. Beverage Co. (1968), 96 Ill. App.2d 68, 81; Bauer v. Sawyer (1955), 6 Ill. App.2d 178, 193-194, aff'd. 8 Ill.2d 351 (1956).) Furthermore, once a prima facie case was established, the burden of introducing further evidence was on the defendants. See, Behnke v. President and Bd. of Trustees (1937), 366 Ill. 516, 518-519; Johnson v. Pendergast (1923), 308 Ill. 255, 262; Noyes v. Gold (1941), 310 Ill. App. 1, 6.
For these reasons the finding of the trial court must be reversed and remanded with instructions to proceed in accordance with the views expressed herein.
Reversed and remanded.
SEIDENFELD and GUILD, JJ., concur.