## W. N. RASMUSSEN ET UX v. MIKE REED AND KIRBY REED, D/B/A REED BUTANE & APPLIANCE COMPANY AND JAMES P. DOLLAR, D/B/A DOLLAR SHEET METAL COMPANY

73-214 and 215                                   505 S.W. 2d 222

### Opinion delivered February 11, 1974

*Rasmussen and Hogue,* by: *Sigun Rasmussen,* for appellants.

*Robert D. Ridgeway,* for appellees.

FRANK HOLT, Justice. These cases were consolidated at trial and on appeal since the same issues exist in each case.

A contractor, Don Kymes, agreed to build a house for the appellants. Appellees, Reed and Dollar, each contracted with Kymes to supply certain equipment for the

house. The equipment supplied through Kymes by Dollar was valued at $1,360. The appliances furnished through Kymes by Reed were worth $506.30. Appellees, Reed and Dollar, were never paid by Kymes and timely filed their respective materialmen's liens on the Rasmussen property. Several weeks prior to the filing of the liens, Kymes was adjudged bankrupt. Neither Dollar nor Reed joined Kymes as a co-defendant in their complaint or petition to foreclose their respective liens until sixteen months after their liens were filed. Nevertheless, the lower court granted both appellees a lien upon one acre surrounding appellants' dwelling. Appellants contend that since appellees failed to join the contractor, Kymes, as a co-defendant within fifteen months of the filing of their liens, the statutory limit, the tardy joinder constitutes a bar to this action.

Ark. Stat. Ann. § 51-610 (Repl. 1971) requires the contractor to defend an action against the owner to enforce a lien. We have consistently interpreted this statute to require that the contractor is a necessary party to an action to enforce a lien. *People's Building & Loan Assn. v. Leslie Lbr. Co.,* 183 Ark. 800, 38 S.W. 2d 759 (1931), *Cruce v. Mitchell,* 122 Ark. 141, 182 S.W. 530 (1916), and *Simpson et al v. J. W. Black Lbr. Co.,* 114 Ark. 464, 172 S.W. 883 (1914). Appellees vigorously contend that this is a harsh requirement and we should reconsider our long standing rule.

The policy reason for that requirement is set forth in *People's Building & Loan Assn. v. Leslie Lbr. Co., supra:*

This court, therefore, is committed to the doctrine that in suits to foreclose mechanics liens the contractor is a necessary party. He should be made a party because the original contract for the improvements is made between the contractor and the owner. The other contract, that with materialman, is made between the contractor and materialman; the owner is not a party to it, and it is therefore necessary in a suit to foreclose a mechanic's lien against the property of the owner, to make the contractor a party. The

owner is not primarily liable, and it is necessary to make the contractor a party to prove the debt against him, show that the material went into the construction of the building, before the materialman is entitled to a lien against the owner's property . . . .

The rationale and practicality of the requirement that the contractor be joined as a necessary party are further well stated in *Simpson et al* v. *J. W. Black Lbr. Co., supra:*

He was a necessary party, both for his own [the contractor] and the owner's protection. The owners had the right to look to him for payment of any judgment that might be recovered against their property for materials furnished, having contracted with him to supply such materials and paid him the contract price for the improvement and can not be compelled to resort to another action against the contractor for the recovery of such sum of money in which the contractor would be at liberty to claim that he did not owe the materialman the amount for which the judgment was rendered and the lien enforced. It is the intention of the law to have the contractor to defend all such actions and be bound by the judgment rendered.

We adhere to our decisions.

Ark. Stat. Ann. § 51-616 (Repl. 1971) places a fifteen month statute of limitations for commencement of a foreclosure action after timely filing a lien. In the instant case, the petitions to foreclose the asserted liens were filed against the owners within the fifteen month period. However, the contractor was not joined as a party until sixteen months after the liens were filed. In each case, the joining of the contractor by leave of the court after the statutory period had expired, constituted a new cause of action which was barred. *Simpson et al* v. *J. W. Black Lbr. Co., supra.*

Appellees argue that the amendment did not come too late because the Federal Bankruptcy Act tolled our statute of limitations. The section of that act relied on by appellees is 11 U.S.C. § 29 (f):

> The operation of any statute of limitations of the United States or of any state, affecting the debts of a bankrupt provable under this title, shall be suspended during the period from the date of the filing of the petition in bankruptcy . . . (3) until thirty days after dismissal of the bankruptcy proceeding. . . .

Appellants stipulated to the existence of a bankruptcy proceeding involving Kymes. The stipulation appears in the *Reed* case and is referred to and incorporated in the *Dollar* case.

> The court: Well, so far as this proceeding is concerned in this claim and other cases involved here, the court is going to rule that if either there is a stipulation or proof that Kymes is in bankruptcy and that bankruptcy court had issued its usual injunction against bringing lawsuits against him.

> Mr. Rasmussen: We'll stipulate that provided that there is a date as to discharge from bankruptcy. [That date was provided which was several months before appellees' petitions to foreclose their asserted liens were instituted.]

Appellees rely on that stipulation as being sufficient to invoke the tolling provision of the Bankruptcy Act. However, we note that the "usual injunction" issued by the Bankruptcy Court in the Kyme proceeding temporarily enjoined all creditors in that court proceeding from attempting the collection of their claims and stayed their pending suits. We do not construe the stipulation as being sufficiently comprehensive to include appellees. Unless appellees were listed as creditors in the bankruptcy proceeding, they cannot utilize the tolling provision, 11 U.S.C. §29 (f), *supra*. The stipulation and the record, including the appellees' pleadings, are void of any proof that appellees themselves were listed creditors. The court will not extend a stipulation beyond its terms nor construe a waiver of a right not plainly intended to be relinquished. See *In Re Carroll*, 247 So. 2d 350 (Ala. 1971), and *Griego* v. *Hogan*, 71 N. M. 280, 377 P. 2d 953 (1963). Appellees misplace the burden of proof. They shouldered

the responsibility of demonstrating their status as listed creditors, since the burden falls on the party attempting to toll a statute of limitations. *Taylor* v. *Merchants National Bank, Ex'r.*, 236 Ark. 672, 367 S.W. 2d 747 (1963).

Since the contractor, a necessary party to both actions, was not joined within the statutory period, we must reverse the judgments and dismiss the causes. Therefore, it becomes unnecessary to discuss other contentions asserted by appellants for reversal.

Reversed and dismissed.