S.I.C.M. CORPORATION *et al.*, Plaintiffs-Appellants, *v.* WILLIAM J. FRANCIONE, President and Local Liquor License Commissioner of the Village of Stone Park, *et al.*, Defendants-Appellees.

First District (5th Division) No. 62565

Opinion filed October 22, 1976.—Modified upon denial of rehearing December 3, 1976.

Patrick A. Tuite, of Chicago, for appellants.

Arthur H. Zimmerman and Dianna D. Zimmerman, both of Chicago, for appellees.

Mr. JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from the revocation of a liquor license because of alleged violations of an ordinance of the Village of Stone Park, Illinois (Village), prohibiting the solicitation of alcoholic beverages. No question is raised as to the sufficiency of the proof concerning these violations, and the validity of the ordinance is the only issue presented on appeal.

It appears that employees of plaintiff S.I.C.M. Corporation (SICM) were arrested and its liquor license was subsequently revoked by the local liquor commissioner for violations of the ordinance. This revocation was affirmed by the State Liquor Commission, which also denied a petition for rehearing.

In an amended complaint for administrative review, plaintiffs asserted that the ordinance was invalid, and they requested that defendants file "the entire transcript of the evidence at the hearing on the charges filed against the plaintiffs * * * including all documentary evidence and exhibits." Thereafter, defendants filed that transcript together with a copy of the ordinance in question, which in pertinent part was as follows:

"No person, whether employee, entertainer or otherwise shall:

(1) Solicit, induce or request a patron to purchase any alcoholic beverage for said person—*or for any other person not a Patron:* * * *." (Emphasis added.)

On review, plaintiffs raised several questions, but we will consider only their contention that the ordinance in question was constitutionally overbroad, as this is the only matter raised on appeal. In this regard, counsel for plaintiff argued in the trial court that the underlined language was not in the copy of the ordinance handed to SICM's president Rosso at the time of his arrest, and thus that SICM was bound only by this "ordinance," which he asserts was invalid. In his argument, defendant's attorney explained, without objection, that the ordinance had been enacted and published in February, 1974, with the wording in question included. He stated, however, that when it was sent to the printer for publication in a printed pamphlet, the language was mistakenly omitted by the printer, and when the discrepency was discovered, it was corrected by adding the omitted language to the printed copies. He stated also that the correction of the copies was done before the arrests of the

SICM employees and that Rosso had apparently been handed an uncorrected copy by the village police officer.

The trial court affirmed the action of the Commission, and this appeal followed.

Plaintiffs contend that the copy of the ordinance handed to Rosso when the arrests were made was the ordinance in effect at that time. They argue it was invalid in that it did not contain the underlined language and, thus, that the revocation of their license was improper. It is the position of defendants that the ordinance in effect embodied the wording in question and that it was valid.

Initially, we note that in the trial court defendants' attorney admitted the ordinance was invalid without that language, and we also see that plaintiffs' attorney conceded in his brief here that the ordinance was valid with the underlined wording in it. We agree with the parties that the ordinance would be invalid without the underlined language as being constitutionally overbroad. In view thereof, it will be necessary only to determine whether defendants met their burden of establishing that the ordinance in effect on the date of the alleged violations contained the underlined language.

Section 1—2—6 of the Illinois Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 1—2—6) provided that:

"Whenever municipal ordinances are printed in book or pamphlet form, and purport to be published by authority of the corporate authorities, such book or pamphlet shall be prima facie evidence of the contents, passage, and legal publication of such ordinances, as of the dates mentioned in such book or pamphlet, in all courts and administrative tribunals."

■■ Here, we note the transcript of the proceedings at the hearing before the local liquor commissioner discloses that the only ordinance introduced there contained the wording in question. It is thus obvious that this was the ordinance found by the commissioner to be valid. Furthermore, the transcript also indicates that this ordinance was approved by the village president, attested to by the village clerk, signed by six village trustees on February 25, 1974, and published in pamphlet form on February 28, 1974. Having established the passage and publication of the ordinance with the underlined language, defendants made out a prima facie case on this issue before the local liquor commissioner (section 1—2—6 of the Illinois Municipal Code), and the burden then was on plaintiffs to introduce evidence to establish that the ordinance as printed and published did not in fact contain the language in question. See *Baylor v. Theiss* (1971), 2 Ill. App. 3d 582, 277 N.E.2d 154.

However, no further evidence was offered by plaintiffs before the commissioner. As a matter of fact, the transcript of proceedings before him does not include any evidence, either through the testimony of Rosso or otherwise, that he was given a copy of the ordinance not containing that language or that an ordinance was printed and published without this language. Plaintiffs could have readily obtained the necessary information by an examination of the minutes of the village meeting at which the ordinance was passed, or by reference to the original publication of the ordinance—both of which predated the arrests of SICM's employees. This they failed to do. Instead, they relied solely on an argument of counsel, having no evidentiary support in the record, that the copy allegedly handed Rosso was the ordinance in effect at the time of this arrest.

The trial court, in sustaining the license revocation, impliedly found that the ordinance in effect at the time in question did contain the underlined language. We agree, and inasmuch as no challenge is made to the validity of the ordinance embodying that wording, we affirm the judgment of the trial court.

Affirmed.

LORENZ, P. J., and BARRETT, J., concur.