CAPITOL PLUMBING & HEATING SUPPLY, INC., Plaintiff-Appellant, *v.* VAN'S PLUMBING & HEATING *et al.*, Defendants-Appellees.

Fourth District   No. 14655

Opinion filed March 17, 1978.

WEBBER, J., concurring in part and dissenting in part.

Craig A. Randle and James R. Potter, both of Londrigan & Potter, P. C., of Springfield, for appellant.

Fred Hoffmann, of Springfield, for appellee Orchard Hill Cooperative Apartments, Inc.

W. Joseph Gibbs, of Springfield, for appellee Illinois National Bank and Chicago Title Insurance Company.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

Plaintiff Capitol Plumbing & Heating Supply, Inc., brought action in the circuit court of Sangamon County to foreclose a mechanics' lien. At the conclusion of the presentation of plaintiff's evidence, the trial court ruled that (1) plaintiff was suing as a subcontractor, (2) Three-B Construction, Inc., was shown by plaintiff's evidence to have been the general contractor on the project for which the contract was let, (3) the general contractor was an indispensable party, and (4) the general contractor had not been timely joined as a party. The court then entered judgment in bar of action in favor of all defendants and against plaintiff.

Upon appeal plaintiff contends that the trial court erred (1) in ruling that the general contractor was an interested party and (2) in entering a judgment for the defendants at the close of plaintiff's evidence on the basis of the plaintiff's failure to join the general contractor as a party when that issue was raised by the defendants as an affirmative defense.

The statutory procedure for the foreclosure of mechanics' liens states that a party furnishing material for a subcontractor has a lien which it may enforce "in the same manner as is herein provided for the enforcement of liens by sub-contractors" (Ill. Rev. Stat. 1973, ch. 82, par. 22). The provision for enforcement of the subcontractor's lien states that the action shall be against "both contractor and owner jointly" (Ill. Rev. Stat. 1973, ch. 82, par. 28). We consider the statutory language to be clear, unambiguous and not subject to any construction other than that the general contractor is a necessary party to an action by a supplier to a subcontractor.

Plaintiff maintains that the lack of privity between the general contractor and the supplier to the subcontractor eliminates any logical reason to require the joinder of the general contractor. However, no privity exists between a subcontractor and an owner but an owner is clearly a necessary party to a suit to foreclose a subcontractor's lien. (Ill. Rev. Stat. 1973, ch. 82, par. 28.) The proceeding to enforce a mechanics'

lien is primarily an action in rem against the real estate benefited and the proceeds due under the various contracts involved for the furnishing of labor and materials. The necessary parties to the action are not limited to those in privity with the party bringing the suit.

We are also not persuaded that the decision in *John E. Burns Lumber Co. v. W. J. Reynolds Co.* (1909), 148 Ill. App. 356, implies, as plaintiff indicates, that the general contractor is not a necessary party. There the court ruled that the subcontractor was a necessary party to an action by the supplier of a subcontractor. In fact the opinion in that case implied that the contractor must also be a party when it stated that joinder of the subcontractor was of importance "both to the owner and to the contractor" (148 Ill. App. 356, 367).

■■ We agree with the trial court that the general contractor is a necessary party to a suit by a subcontractor's supplier to foreclose its mechanics' lien.

Section 43(4) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 43(4)) provides that defenses, whether affirmative or not, which would be likely to "take the opposite party by surprise must be plainly set forth in the answer or reply." Here, defendants elected to raise the issue of whether plaintiff failed to sue a necessary party by making it an affirmative defense set forth in their answer. One who asserts an affirmative defense has the burden of proving it. *Baylor v. Thiess* (1971), 2 Ill. App. 3d 582, 277 N.E.2d 154.

■■ The ordinary structure of a trial is such that the defendant offers his evidence in support of his affirmative defense during his presentation of his case after the plaintiff has rested. After the defendant has put on evidence of his affirmative defense, the plaintiff is entitled to counter that evidence in its case in rebuttal. (Cleary, Handbook of Illinois Evidence 74, 75 (2d ed. 1963).) Thus a plaintiff whose claim is met by an affirmative defense need not put on evidence to counter that defense until he puts on his rebuttal evidence.

■■ Section 64(3) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 64(3)) provides that when, as here, a case is tried without a jury, a defendant "may, at the close of the plaintiff's case, move for a finding, judgment or decree in his favor" and that "[i]n ruling on the motion the court shall weigh the evidence." In *Baylor,* however, the court held that the granting of such a motion was reversible error when the grounds for the allowance of the motion was the plaintiff's failure in its case in chief to negate an affirmative defense. In the instant case, some evidence upon the affirmative defense was introduced in plaintiff's case. Even if the preponderance of that evidence indicated that Three-B Construction, Inc., was the general contractor and thus supported the affirmative defense, it was premature and erroneous for the court to grant the motion

for finding and judgment because plaintiff was not required to negate the affirmative defense until it put on its evidence in rebuttal.

Defendants argue that (1) the lack of joinder of a necessary party is jurisdictional and can be raised at any time and (2) it is a waste of time to try the entire complicated matter when it is apparent that defendants will prevail on the issue of joinder. Assuming *arguendo* that the question of joinder can be raised at anytime, defendants chose here to raise it by affirmative defense. Plaintiff is accordingly entitled to produce its evidence on that issue according to the usual rules of procedure. Time might have been saved at trial and may be saved on remand by proceeding first to try only the issue of nonjoinder as permitted by section 43(3) of the Civil Practice Act. Ill. Rev. Stat. 1975, ch. 110, par. 43(3).

The order granting judgment to defendants at the close of plaintiff's case is reversed and the case is remanded to the circuit court of Sangamon County for further proceedings.

Reversed and remanded.

REARDON, J., concurs.

Mr. JUSTICE WEBBER, concurring in part and dissenting in part:

I concur with the majority that the general contractor is a necessary party to a subcontractor's suit to foreclose a lien. I differ in the majority's analysis of the application of that principle to this case.

Admitting for the purposes of argument that it is unorthodox to raise the question of nonjoinder by an affirmative defense as was done in this case, nonetheless any difficulty with such procedure was cured by plaintiff's motion at the close of its evidence.

The record shows sufficient evidence during the plaintiff's case that Brewster and Three-B were *prima facie* the general contractor. Plaintiff's motion to join them as parties defendant in substance and in effect confesses the fact and confesses the affirmative defense.

The trial court was then called upon to make a ruling under section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 46(4)) which provides for late joinder of parties provided *all* of five conditions are met. One of these conditions is that "failure to join the person as a defendant was inadvertent." In oral argument it was represented to us that this was the basis of the trial court's ruling. It apparently found that plaintiff had known of Brewster and Three-B since the inception of the suit.

This being true, the trial court was left with no alternative and, in my judgment, proceeded correctly. A necessary party was lacking; there was a statutory bar to his joinder; the suit must fail for lack of jurisdiction.

If the plaintiff had not made the joinder motion, I would agree with the majority that judgment could not have been entered since the burden of proof on an affirmative defense lies on the one asserting it and that stage of the trial had not yet been reached. By making the motion, plaintiff became hoist by his own petard.

The result may appear harsh, but the mechanics' lien statute is a harsh remedy and must be strictly construed. It is an *in rem* procedure and the statute contemplates a single action to adjust the rights of all parties with any interest in the real estate. There are few, if any, second chances in a lien suit. The philosophy of this may be debatable, but so far, the legislature has not seen fit to change it.

I would affirm the trial court.