Jay GIPSON d/b/a JAY GIPSON CRANE RENTAL
SERVICE *v.* TYSON FOODS, INC.

81-34                                    615 S.W. 2d 363

Supreme Court of Arkansas
Opinion delivered May 18, 1981

*Pryor, Robinson, Taylor & Barry*, by: *Gregory T. Karber*, for appellant.

*Blair, Cypert, Waters & Roy*, by: *Michael H. Mashburn*, for appellee.

JOHN I. PURTLE, Justice. The trial court dismissed appellant's complaint in which he sought to enforce a laborers lien and foreclosure action against the owner-appellee. The court dismissed the action because the appellant had not timely joined the contractor as a party to the suit and had not provided the appellee with the notice required by Ark. Stat. Ann. § 51-608.1 (Supp. 1979).

For his appeal the appellant urges that (1) the contractor was not a necessary party under the circumstances; and (2) no prior notice was required to be given by the appellant.

The appellant furnished labor on the construction project at the request of the contractor who was engaged by appellee. The last labor was furnished on December 5, 1979. Suit was filed against the owner-appellee on April 3, 1980.

The contractor filed Chapter 12 bankruptcy proceedings in Topeka, Kansas, March 11, 1980. The appellant received notice from the bankruptcy court enjoining him from proceeding against the contractor prior to the timely filing of the foreclosure action. Although the contractor was not named as a party defendant by the appellant, he did file notice of lis pendens at the time the complaint was filed.

After the issues were joined both parties moved for a summary judgment. The chancellor ruled that appellant's claim for lien against land owned by the appellee failed because of the failure of appellant to join the contractor as a necessary party and because the appellee had not been given the required notice. The appeal from this decision was timely filed.

We first consider whether the contractor was a necessary party in this case. There is no disagreement between the parties that the settled law in Arkansas is that a contractor must be joined in an action to foreclose a lien, and it must be filed within 120 days from furnishing the labor, supplies or material. The question then becomes: should the present facts constitute an exception to the general rule? In *Christy v. Nabholz Supply Co.*, 261 Ark. 127, 546 S.W. 2d 425 (1977), we held that a laborers lien must be filed within the statutory time and the fact that the contractor was bankrupt was irrelevant to the application of the lien law. However, there was no indication in *Christy* that the creditors had been enjoined by the bankruptcy court as was the appellant in the present case. We also dealt with a bankrupt contractor in the case of *Rasmussen* v. *Reed*, 255 Ark. 1064, 505 S.W. 2d 222 (1974). There we disallowed the claim because the subcontractors had failed to name the general contractor in the foreclosure suit. In the trial in *Rasmussen* the parties stipulated that the contractor was in bankruptcy proceedings. There was no evidence that the creditors had been enjoined by the bankruptcy court. We stated in *Rasmussen*:

> ... Unless appellees were listed as creditors in the bankruptcy proceeding, they cannot utilize the tolling provision, 11 U.S.C. § 29 (f), *supra*. The stipulation and the record, including the appellees' pleadings, are void

of any proof that appellees themselves were listed creditors. . . .

The very purpose of the lien statute is to allow an action against the owner when the contractor fails to pay the suppliers of labor and materials. The owner in this case would have been just as liable if the contractor had been named because the contractor is bankrupt. Therefore, it would be a futile and idle gesture to require the appellant to name the contractor and then allow the contractor to shift the responsibility to the owner because the contractor was bankrupt. We hold that when a potential lien holder is enjoined by a bankruptcy court from proceeding against a contractor, it is unnecessary to make the contractor a party defendant in a lien foreclosure action.

Next the appellant argues that Act 746 of 1979, amending Ark. Stat. Ann. § 51-601 et seq. (Repl. 1971) does not apply to one furnishing labor. The act itself states in part:

> Section 2. It shall be the duty of the principal contractor to give the owner or his authorized agent the notice set out in Section 3 of this Act on behalf of all potential lien claimants under his contract prior to the supplying of any materials, fixtures, engines, boilers or machinery. Any potential lien claimant may also give notice, provided however, that no lien may be acquired for any material, fixture, engine, boiler or machinery furnished prior to the receipt of notice by the owner or his authorized agent.

Section 2 is in compliance with the title of the act and with the other provisions therein. Section 5 of Act 746 states that if the contractor supplies the performance bond or the transaction is direct with the property owner, that the notice provisions shall not apply. Act 746 repeatedly mentions materials, fixture, engine, boiler, or machinery. However, at no place does it state that labor is included in the required notice provisions of the act. Therefore, we are of the opinion that the obvious absence of the word "labor" in the act is a conscious intent on the part of the legislature to exclude labor from the legislation. Therefore, appellant was not

required to give notice to the owner prior to furnishing the labor in this case.

Reversed and remanded with directions to proceed in a manner not inconsistent with this opinion.

Reversed and remanded.

HOLT, J., not participating.