JOSEPH T. RYERSON AND SON, INC., Plaintiff-Appellee, v. MANULIFE REAL ESTATE COMPANY *et al.*, Defendants-Appellants.

First District (6th Division) No. 1—89—3431

Opinion filed November 26, 1990.—Rehearing denied January 24, 1991.

Rosenthal & Schanfield, of Chicago (James M. Dash and Stephen P. Kikoler, of counsel), for appellants.

Burke, Wilson & McIlvaine, of Chicago (Leonard S. Shifflett and John W. Kalich, of counsel), for appellee.

JUSTICE EGAN delivered the opinion of the court:

The plaintiff, Joseph T. Ryerson & Son, Inc. (Ryerson), brought suit to foreclose a mechanics' lien on property owned by defendant Manufacturers Life Insurance Company (Manulife). Manulife had employed defendant E.W. Corrigan Construction Company (Corrigan) as the general contractor on a project requiring Corrigan to construct a new office building in Schaumburg, Illinois. Corrigan, in turn, entered into a subcontract with Crescent Corporation (Crescent) that required Crescent to fabricate and install a curtain wall on the project. Crescent then contracted with Ryerson for the furnishing of certain materials necessary for Crescent's performance on the subcontract.

In December 1985 Crescent ceased to perform on its subcontract with Corrigan, allegedly in breach of that subcontract. Crescent also allegedly failed to pay Ryerson for materials and supplies worth $55,913 which Ryerson had delivered to Crescent and which were received and used in the project. On November 3, 1986, Ryerson filed the underlying suit against Manulife and Corrigan seeking to foreclose its alleged mechanics' lien for the unpaid balance. Ryerson did not name Crescent as a party to the suit.

The defendants, Corrigan and Manulife, each filed a motion to strike the complaint, alleging that Crescent was a necessary party to the action and that the failure to name Crescent constituted a fatal defect in the pleading. Ryerson opposed the motion, and the trial judge denied it. The judge later granted Ryerson's motion for summary judgment and entered judgment against the defendants jointly for $47,368.30 plus interest.

The defendants argue that the trial court erred in denying the

motion to strike for failure to name a necessary party. Alternatively, the defendants challenge whether an owner and a general contractor can be required to pay a material supplier to a subcontractor more than the subcontract price or more than the amount owed to the subcontractor when the owner and general contractor received notice of the material supplier's lien claim.

Section 22 of the Mechanics' Liens Act (Act) provides the basis for Ryerson's lien, stating:

> "When the contractor shall sub-let his contract or a specific portion thereof to a sub-contractor, the party furnishing material to or performing labor for such sub-contractor shall have a lien therefor; and may enforce his lien in the same manner as is herein provided for the enforcement of liens by sub-contractors." (Ill. Rev. Stat. 1989, ch. 82, par. 22.)

Section 28 of the Act provides for the enforcement of liens by subcontractors and states, in part, as follows:

> "All suits and actions by sub-contractors shall be against both the contractor and owner jointly, and no judgment shall be rendered therein until both are duly brought before the court by process or publication ***." (Ill. Rev. Stat. 1989, ch. 82, par. 28.)

Section 11 of the Act provides:

> "§11. The complaint shall contain a brief statement of *the contract or contracts on which it is founded* ***. *** *The plaintiff shall make all parties interested,* of whose interest he is notified or has knowledge, *parties defendant,* and summons shall issue and service thereof be had as in other civil actions; *** *and his failure to so act with regard to summons or notice shall be ground for judgment against him as upon the merits. *** Parties in interest, within the meaning of this act, shall include *** all persons *** who are interested in the subject matter of the suit."* (Emphasis added.) Ill. Rev. Stat. 1989, ch. 82, par. 11.

■ Boiled down, the issue is whether Crescent is a person "interested in the subject matter of the suit." The defendants cite *John E. Burns Lumber Co. v. W.J. Reynolds Co.* (1909), 148 Ill. App. 356, as the only Illinois authority directly in point. In *Burns* the appellate court found that the evidence showed that the plaintiff had contracted to supply material to a carpentry subcontractor, W.J. Reynolds, an individual. The complaint, however, had named the W. J. Reynolds Company as the alleged subcontractor. (The complaint also named the owner and the general contractor.) The appellate court reversed the

judgment in favor of the plaintiff because the complaint had failed to name the true subcontractor, W.J. Reynolds, personally and individually. In so doing the court stated:

> "The complainant [and other intervening material suppliers] are all furnishers of material for the subcontract and, being of that class, they \*\*\* claim liens under section 22 of the Mechanics' Lien Act. They contracted with and trusted the subcontractor and, *through that relation, they claim their lien* upon the property. Should they eventually establish a right to liens and thereby the amount the owner would be obliged to pay for the carpenter work be made to exceed the contract price, a right to be reimbursed by the subcontractor, if not by the original contractor, would arise. It is, therefore, of the highest importance that *the actual subcontractor, a party in interest and under the lien law a necessary party as such,* be a party to this proceeding." (Emphasis added.) 148 Ill. App. at 365-66.

The relation of the parties in *Burns* is identical to the relation of the parties in this case. The plaintiff in *Burns* claimed its lien through the subcontractor, Reynolds; Ryerson claimed its lien through its contract with the subcontractor, Crescent. Under the authority of *Burns*, therefore, it is inescapable that Crescent is "a party in interest and under the lien law a necessary party as such." 148 Ill. App. at 366.

Ryerson seeks to distinguish *Burns*; it emphasizes that the trial court in *Burns* heard evidence which established the interest of the subcontractor, W.J. Reynolds; it further claims that the record in this case shows that Crescent had no interest because Crescent was bankrupt. First of all, there was no need to hear evidence to establish the relationship between Ryerson, Crescent and the defendants. Ryerson's complaint established the relationship. Second, as the defendants point out, the record does not support a finding that Crescent was bankrupt. Moreover, the trial judge never made such a finding; he was never asked to do so. Indeed, in the memoranda filed by Ryerson in the trial court, no argument was made that Crescent was not a necessary party because it was bankrupt.

Ryerson's supporting citations to the record on appeal reveal the following: Corrigan stated in its first affirmative defense that Crescent breached its contract, was not owed money by Corrigan and, in fact, owed money to Corrigan; during his deposition, Manulife's architect was asked whether he had any conversations with Corrigan in December 1985 or January 1986 regarding Crescent, and he stated, "I am not sure of the time, but Crescent was in the process of going bankrupt, I don't know if it refers to this period or not"; a vice-presi-

dent of Corrigan stated in his affidavit that "Crescent became unable to perform its obligations under the subcontract with Corrigan and in December, 1985, Crescent completely stopped doing any work on the building." In arguing the motion for summary judgment, Ryerson's attorney stated to the judge, "As you're aware, Crescent went into bankruptcy. The Crescent personnel were scattered to the winds. Their records are not obtainable."

■ The matters cited by Ryerson fail to support a conclusion that Crescent was bankrupt and had no interest in the suit; therefore, Ryerson has failed to distinguish *Burns* on that ground. Corrigan's affirmative defense and the affidavit of Corrigan's vice-president merely state that Crescent breached or became unable to perform, not that Crescent became bankrupt. The argument of Ryerson's attorney does not constitute evidence. Finally, the deposition testimony of the architect that at some undetermined time "Crescent was in the process of going bankrupt" does not indicate that Crescent indeed ever was involved in bankruptcy proceedings. Thus, without expressing an opinion as to whether a subcontractor's bankrupt status would render the subcontractor nonnecessary in a suit by its material supplier, we simply conclude that there is no support in this record for a finding that Crescent was, in fact, bankrupt at any time. We agree with Ryerson's counsel, who, in oral argument, conceded that if Crescent was not bankrupt or judgment proof, then *Crescent was in fact a necessary party*. Parenthetically, we note that in *Christy v. Nabholz Supply Co.* (1977), 261 Ark. 127, 546 S.W.2d 425, and in *Rasmussen v. Reed* (1974), 255 Ark. 1064, 505 S.W.2d 222, the Arkansas Supreme Court held that the bankruptcy of a necessary party did not excuse the failure to name him in the suit. *Cf. Gipson v. Tyson Foods, Inc.* (1981), 272 Ark. 485, 615 S.W.2d 363 (failure to name bankrupt necessary party excused where bankruptcy court enjoined action against the bankrupt).

In addition to failing to distinguish *Burns*, Ryerson fails to address the fact that its contract with Crescent to supply materials provides the relation through which it claims its lien against the defendants. (*Burns*, 148 Ill. App. at 366.) Instead, Ryerson argues that *Burns* silently has been "superseded" by a more recent line of cases, citing *Atlee Electric Co. v. Johnson Construction Co.* (1973), 14 Ill. App. 3d 716, 303 N.E.2d 192, *Malkov Lumber Co. v. Serafine Builders, Inc.* (1971), 1 Ill. App. 3d 543, 273 N.E.2d 654, *Bingaman v. Dahm* (1940), 307 Ill. App. 432, 30 N.E.2d 509, *Matot v. Barnheisel* (1918), 212 Ill. App. 489, and *Howell v. Anderson* (1912), 170 Ill. App. 14.

Ryerson relies principally on *Bingaman*, which declined to reverse a judgment for the plaintiff-lien claimant for nonjoinder of certain other potential lien claimants because the defendant failed to show that any of the other claimants were in fact unpaid at the time objection to their nonjoinder was made. *Bingaman*, however, is clearly distinguishable from this case. The nonjoined parties therein were outside the chain of contract between the plaintiff and the defendant, and, moreover, "the record show[ed] that the claims for lien, upon which the defendants base[d] their contention of omission of necessary parties, were unenforceable at the time objection was first raised by defendants." (*Bingaman*, 307 Ill. App. at 439.) *Malkov Lumber Co.* and *Atlee Electric Co.* likewise involved suits by material suppliers who were outside the chain of contract between the plaintiffs and defendants. In *Matot*, the owner-defendant claimed that the contractor should have joined its own subcontractors. That case would be in point if the defendants were claiming that Ryerson failed to sue its own subcontractors. Thus these holdings are inapposite to that in *Burns* and to the case before us. In *Howell* the appellate court affirmed a finding against the plaintiff who improperly joined the trustee in bankruptcy of the "principal contractor." The court refrained from passing on the propriety of joining the bankrupt principal contractor. Ryerson is wrong when it says that *Howell* held "that an insolvent contractor lacking assets to pay anyone is not a necessary party to a mechanic's lien action."

In *Capitol Plumbing & Heating Supply, Inc. v. Van's Plumbing & Heating* (1978), 58 Ill. App. 3d 173, 373 N.E.2d 1089, the court held that a general contractor was a necessary party. It rejected the defendant's argument that *Burns* held that only a subcontractor was a necessary party. It did not express disapproval of *Burns*.

We, therefore, adhere to the decision of *John E. Burns Lumber Co. v. W.J. Reynolds Co.* and hold that Ryerson's complaint should have been stricken for failure to name a necessary party. In view of our holding, it is unnecessary to pass on the defendants' alternative arguments.

Judgment reversed.

LaPORTA, P.J., and McNAMARA, J., concur.